411 So.2d 1310 (1981)
Elwood Clark BARCLAY, Appellant,
v.
STATE of Florida, Appellee.
No. 47260.
Supreme Court of Florida.
June 4, 1981.
Rehearing Denied April 14, 1982.
Kenneth Vickers and Steven E. Rohan of Vickers & Rohan, Jacksonville, for appellant.
Jim Smith, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
This case returns to us following our remand to the trial court in order to provide Barclay an opportunity to rebut or explain matters appearing in a presentence investigation report (PSI). Barclay v. State, 362 So.2d 657 (Fla. 1978). Before that remand, Barclay's conviction and sentence for first degree murder had been affirmed by this Court,[1] and review of that action had been denied by the United States Supreme Court.[2]
On remand Barclay was afforded several evidentiary hearings and argument of counsel. Only one witness was called on Barclay's behalf at the first hearing, principally to portray Barclay's lesser role in the events surrounding the murder, and to comment on a second murder with which he was not involved. At a second hearing, Barclay's counsel argued extensively against the reimposition of the death penalty, but offered virtually no evidence in derogation of the information contained in the PSI. The trial judge concluded during a later sentencing proceeding that he had "carefully considered all of those matters presented by the defendant in response to the presentence investigation report, and [found] nothing is such responses which mitigates any circumstance herein." Our independent review of the record in this case completely supports this conclusion.
Barclay now challenges the reimposition of a death sentence, primarily by argument against the findings previously reviewed here and affirmed. We cannot accept counsel's suggestion that we abrogate the "law of the case". See Dougan v. State 398 So.2d 439 *1311 (Fla. 1981). The dictates of Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977), have been met, and no defect in the original sentencing order has been identified as stemming from improper material in the PSI. There being no reason to reconsider the matters previously analyzed, we again affirm the trial judge's sentence of death.
It is so ordered.
ADKINS, Acting C.J., and BOYD, ENGLAND and ALDERMAN, JJ., concur.
OVERTON and McDONALD, JJ., dissent.
NOTES
[1] Barclay v. State, 343 So.2d 1266 (Fla. 1977).
[2] Barclay v. Florida, 439 U.S. 892, 99 S.Ct. 249, 58 L.Ed.2d 237 (1978).