**Charles William PROFFITT, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Secretary, Florida Department of Offender Rehabilitation, Respondent-Appellee.**

No. 80–5997.

United States Court of Appeals, Eleventh Circuit.

May 31, 1983.

Charles Corces, Jr., Asst. Atty. Gen., Tampa, Fla., for respondent-appellee.

**ON PETITION FOR REHEARING.**

(Opinion September 10, 1982, 11 Cir., 1982, 685 F.2d 1227).

Before VANCE, KRAVITCH and CLARK, Circuit Judges.

KRAVITCH, Circuit Judge:

The panel opinion, 685 F.2d 1227 (11th Cir.1982), is hereby modified as follows:

1. A reference to a new footnote 40a is added at the end of section IV.C.1. at the end of page 1255, with the footnote to read:

**312**

Our decision that the right of cross-examination of adverse witnesses is extended to capital sentencing proceedings is necessarily limited to the facts of the case before us, involving psychiatric reports.

2. The text beginning with the second complete paragraph on page 1257 (beginning "The state argues that even . . .") and continuing through the first full paragraph on page 1258, ending with footnote 46, is deleted and the following is substituted therefore:

The state argues that even if appellant was entitled to attend the hearing, his attorney waived that right. We reject this argument.

Early Supreme Court cases held that the right to presence in capital cases is so fundamental that the defendant cannot waive it. *Diaz v. United States,* 223 U.S. 442, 455, 32 S.Ct. 250, 253, 56 L.Ed. 500 (1912); *Hopt v. Utah,* 110 U.S. 574, 579, 4 S.Ct. 202, 204, 28 L.Ed. 262 (1884). *Accord Near v. Cunningham,* 313 F.2d 929, 931 (4th Cir.1963).[43] More recently, commentators have interpreted dictum in *Illinois v. Allen,* 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970), as authorizing a limited exception to the no-waiver rule for defendants who wilfully disrupt their trials, 3 C. Wright, Federal Practice and Procedure § 723 (Supp.1980 at 754 n. 28); 8 B.J. Moore, Federal Practice ¶ 43.02[2] at 43–02[2] at 43–9 (2d ed. 1981).[44] The state does not claim that appellant disrupted or hindered any part of his trial, however; hence such exception would be inapplicable to this case. In *Drope v. Missouri,* 420 U.S. 162, 182, 95 S.Ct. 896, 909, 43 L.Ed.2d 103 (1975), the Supreme Court indicated that the issue of waiver of presence in a capital case may be subject to reconsideration, but did not expressly overrule its decisions in *Diaz* and *Hopt.*

We need not decide the issue of whether presence at a capital trial ever is waivable, however, for here, even if we assume that the right to presence in a capital case may be waived, no knowing and voluntary and, therefore, no effective waiver was made.[45] Appellee does not deny that appellant was neither apprised of the hearing with Dr. Coffer nor afforded an opportunity to assert his right to a hearing; hence appellant did not knowingly or voluntarily waive his right to presence.[46]

3. An additional paragraph is to be added on page 1270 at the end of the majority opinion which reads:

The Supreme Court of the United States has granted certiorari and heard oral arguments in a case which may have an impact on the analysis of the aggravating circumstances issue. *Barclay v. Florida,* 411 So.2d 1310 (Fla.1982), *cert. granted,* —— U.S. ——, 103 S.Ct. 340, 74 L.Ed.2d 382 (1982). Following the procedure set forth in the majority opinion of the en banc court in *Ford v. Strickland,* 696 F.2d 804 at 807 (11th Cir.1983), on remand the district court is to consider the effect that *Barclay* may have on the grant of habeas corpus relief and the procedure that is to be used in the district court while the *Barclay* case is pending in the Supreme Court.

The petition for panel rehearing is DENIED.