**Charles William PROFFITT,
Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Secretary Florida Dept. of Offender Rehabilitation,
Respondent-Appellee.**

**No. 84–3238.**

United States Court of Appeals,
Eleventh Circuit.

March 26, 1985.

---

David S. Golub, Silver, Golub & Sandak, Stamford, Conn., for petitioner-appellant.

Charles Corces, Jr., Asst. Atty. Gen., Tampa, Fla., for respondent-appellee.

Before FAY and VANCE, Circuit Judges, and MACMAHON *, District Judge.

VANCE, Circuit Judge:

In *Proffitt v. Wainwright*, 685 F.2d 1227, 1269 (11th Cir.1982) (*Proffitt I*), *modified*, 706 F.2d 311 (11th Cir.), *cert. denied*, —— U.S. ——, 104 S.Ct. 508, 78 L.Ed.2d 697 (1983), a panel of this court found constitutional errors in the sentencing proceeding of death row inmate Charles Proffitt. On remand for "proceedings not inconsistent with [the circuit court's] opinion," *id.* at 1270, the district court directed the Florida state court to resentence the petitioner within ninety

* Honorable Lloyd F. MacMahon, U.S. District Judge for the Southern District of New York, sitting by designation.

1. The facts of the case have been summarized by the Florida Supreme Court, *Proffitt v. State*, 315 So.2d 461 (Fla.1975), and the United States Supreme Court, *Proffitt v. Florida*, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976). Another recital is unnecessary to resolve this appeal.

days, but expressly stated that the panel's opinion required resentencing only by the trial judge and not the jury under Florida's two-part sentencing scheme. In this second habeas corpus petition, Proffitt urges that we direct resentencing by both judge and jury. For the reasons set forth below, we deny his request and affirm the order of the district court.

In 1974, a jury convicted the petitioner of first degree murder in a Florida circuit court.[1] In the subsequent penalty proceeding, the jury recommended the death sentence and the judge followed its recommendation. After the United States Supreme Court upheld the constitutionality of the Florida death penalty statute on his direct appeal, *Proffitt v. Florida*, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976), and after the state courts denied him collateral relief, he sought habeas corpus review in federal district court. The district court ordered an evidentiary hearing before a magistrate, but denied Proffitt relief after reviewing the magistrate's findings.[2]

On appeal from the district court's denial of habeas corpus, Proffitt raised four issues before this court. He claimed (1) that counsel had rendered ineffective assistance at the penalty phase; (2) that the jury was improperly instructed on mitigating circumstances in violation of *Lockett v. Ohio*, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978); (3) that after the jury had made its recommendation and been discharged the trial judge denied Proffitt his right to confrontation by admitting testimony and reports by psychiatrists outside his presence; and (4) that while conducting his independent evaluation of the evidence, the judge unconstitutionally applied two statutory aggravating factors and impermissibly con-

2. For a more detailed description of the procedural history of this case, see *Proffitt v. Wainwright*, 685 F.2d 1227, 1233–34 (11th Cir.1982), *modified*, 706 F.2d 311 (11th Cir.), *cert. denied*, —— U.S. ——, 104 S.Ct. 508, 78 L.Ed.2d 697 (1983).

sidered nonstatutory aggravating factors. The panel found merit in Proffitt's third and fourth claims, rejected his ineffective assistance claim, and remanded without reaching his claim that the jury was improperly instructed on mitigating circumstances. The panel explained its decision not to reach the jury instruction issue by noting that the same issue was currently before this court for en banc consideration in *Ford v. Strickland,* 696 F.2d 804 (11th Cir.) (en banc), *cert. denied,* —— U.S. ——, 104 S.Ct. 201, 78 L.Ed.2d 176 (1983), that resolution of that claim without the benefit of the *Ford* opinion would have been "premature", and that a decision was unnecessary because reversible error had already been found. *Proffitt I,* 685 F.2d at 1269.

On remand, the district court concluded that because the panel's explicit grounds for reversal had only to do with those parts of the sentencing proceeding that had been conducted independently by the judge, the state trial court's resentencing need not include another jury proceeding. Proffitt appeals that order and in the alternative asks that his appeal be treated as a petition for mandamus.[3] He offers two alternative theories in support of his claim that he is entitled to a jury in the new sentencing proceeding. First, he argues that the court's earlier opinion implicitly required a new jury proceeding. Second, he contends that even if this court did not mean to require a jury proceeding in the previous opinion, it left his *Lockett* claim open pending *Ford* so that we are obligated to address the claim and grant him relief on the merits at this juncture. We address each of these contentions in turn.

I. *Jury Participation in Resentencing*

Although Proffitt concedes that the primary errors cited by this court in overturning the death sentence occurred in the trial judge's deliberation and sentencing, he contends that the opinion intended his relief to include resentencing by a jury. First, he points out that the opinion discussed in-

firmities in the jury proceeding, and contends that such a discussion demonstrates the court's belief that he should have had a second jury. Second, he contends that the panel must have assumed that he would be entitled to a new jury because it is a constitutionally essential and nonseverable aspect of Florida's death penalty procedure. Finally, he asserts that the panel's refusal to reach his *Lockett* claim regarding the jury instruction on mitigating circumstances necessarily implied that it believed that its disposition of his other claims already gave him the right to a new sentencing jury.

In evaluating Proffitt's first argument, we note initially that since the time of the panel's opinion in *Proffitt I* the Supreme Court has clarified the role of the jury in Florida's capital sentencing scheme in *Spaziano v. Florida,* —— U.S. ——, 104 S.Ct. 3154, 82 L.Ed.2d 340 (1984). In that case, the court rejected the petitioner's claim that the jury's recommendation of a life sentence was binding on a judge since "there is no constitutional imperative that a jury have the responsibility of deciding whether the death penalty should be imposed". *See also Barclay v. Florida,* 463 U.S. 939, 103 S.Ct. 3418, 77 L.Ed.2d 1134 (1983). As the state points out, the Court's reasoning calls into question whether any given error in such a merely "advisory" proceeding should be considered to be of constitutional magnitude. We need not reach that question in this case, however, for we believe that the petitioner's interpretation of *Proffitt I* reads into the opinion findings of error that do not exist.

First, Proffitt points out that the court in *Proffitt I* noted that "the jury's sentencing discretion was not significantly limited" by the trial court's instructions on the eighth statutory aggravating circumstance because the court did not define the terms "heinous, atrocious and cruel" to include the element of torture. *See Proffitt I,* 685

---

**3.** The district court issued a certificate of probable cause with respect to its denial of a new jury proceeding. Proffitt's motions to stay the resentencing pending outcome of this appeal were

denied, and the state trial judge resentenced him to death in May 1984. His automatic appeal to the Florida Supreme Court is still pending.

F.2d at 1263–65 and 1265 n. 57. The court did not, however, find the instruction fatally flawed by any means. Read in context, the court's reference to the instruction was no more than an attempt to lend emphasis to the court's disapproval of the *trial judge's* treatment of statutory and nonstatutory aggravating factors. As such, the reference reflects a concern that has since been held by the Supreme Court to be unnecessary. On petition for rehearing, the panel noted that *Barclay v. Florida,* 463 U.S. 939, 103 S.Ct. 3418, 77 L.Ed.2d 1134 (1983), was pending and directed the district court to consider the effects of the Supreme Court's decision on the aggravating circumstances question. *See Proffitt,* 706 F.2d at 312. Under *Barclay,* the trial judge's consideration of both statutory and nonstatutory aggravating factors was not improper. *Barclay,* 463 U.S. at ——, 103 S.Ct. at 3428.

■ Proffitt also claims that there were other errors in the jury sentencing hearing which would warrant the relief he seeks, but we find that these claims were actually disposed of adversely to him in *Proffitt I.* He suggests that counsel's failure to present any character evidence at the sentencing hearing requires a new hearing to allow consideration of all possible mitigating evidence. *Proffitt I* held, however, that counsel's failure to present evidence beyond the statutory mitigating factors did not warrant reversal. *Proffitt I,* 685 F.2d at 1248. We adhere to that conclusion. Proffitt is not entitled to a new sentencing hearing simply because evidence that was available at the time of sentencing was not presented unless it is clear that he was the victim of prejudicial error. *Proffitt I* also disposed of his contention that the prosecutor improperly presented evidence and argument on nonstatutory aggravating circumstances. It pointed out that he had not argued that point before the panel, "presumably because his attorney's failure to object at the time waived his right to assert such a challenge." *Id.* at 1267 n. 61. We will not consider it now. In essence, Proffitt reads too much into the court's opinion when he argues that its various references

to the jury sentencing proceeding must have meant for him to have a new jury sentencing. No aspect of that stage of the sentencing process was found to be fatal error in *Proffitt I.*

■ Proffitt's second principal argument is that jury participation in the sentencing proceeding is so central to Florida's capital sentencing scheme that he cannot be resentenced by the judge alone. In essence, his argument here is that the panel must have concluded that he was entitled to resentencing by a jury because the constitution demands that the Florida procedure be conducted as a whole. There is merit to his observation that the Florida death penalty statute requires great deference to the jury's advisory opinion in sentencing, *see Tedder v. State,* 322 So.2d 908 (Fla.1975), so much so that the trial judge must give explicit reasons for choosing death if the jury recommends life. It does not follow, however, that the trial judge's deference is necessarily diminished simply because he finds himself considering the jury's recommendation after appeal and remand. Indeed, in light of the Supreme Court's rejection in *Spaziano v. Florida,* —— U.S. ——, 104 S.Ct. 3154, 82 L.Ed.2d 340 (1984) of the "fundamental premise ... that the capital sentencing decision is one that, in all cases, should be made by a jury," *id.* at ——, 104 S.Ct. at 3161, it is clear that a defendant is not constitutionally entitled to have a jury consider the penalty in the first instance. Where, as here, the petitioner has already had the benefit of such consideration in a proceeding free of serious errors, there is no constitutional justification for requiring that the proceeding be conducted again.

Proffitt's final assertion is that the refusal of the court to reach his complaint about the jury instruction on mitigating circumstances necessarily implied that it believed that he should have had a new jury. He argues that if he had prevailed on the claim, he would under *Lockett* have been entitled to a new jury proceeding. Since the court did not feel compelled to

reach the merits, so his reasoning goes, it must have been because the reversal on the other grounds had already mandated a new jury. This conclusion does not follow ineluctably from the opinion, however. The opinion stated that the court did not want to reach the issue of the mitigating circumstances instruction because the outcome would be directly affected by a case then pending before the court en banc. *Proffitt I,* 685 F.2d at 1269. Properly read, the court's opinion afforded no implicit grant of relief, but merely left the issue open for future disposition in the event that the en banc court's decision in *Ford v. Strickland* left petitioner with a meritorious claim. Given that we now have the benefit of *Ford,* we accede to petitioner's request for a disposition on the merits at this time, and we proceed to decide his *Lockett* claim.

## II. *Instruction on Mitigating Circumstances*

After listing the statutory aggravating factors which could be used by the jury in considering the death penalty, the trial judge instructed the jury as follows:

> If you do not find that there existed any of the aggravating circumstances which have been described to you, it would be your duty to recommend a sentence to life imprisonment.
>
> Should you find one or more of these aggravating circumstances to exist, it will then be your duty to determine whether or not sufficient mitigating cir-

cumstances exist to outweigh the aggravating circumstances found to exist. The mitigating circumstances which you may consider, if established by the evidence, are these: [list of statutory mitigating factors].

Proffitt contends that the instruction, when considered with the other comments made by the prosecutor and the trial judge, limited the jury's consideration to the statutory mitigating factors in violation of *Lockett v. Ohio,* 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978), which held that the sentencing body must be allowed to consider any aspect of the crime or the defendant's character that the defendant presents as a basis for rejecting the death penalty. *Id.* at 604, 98 S.Ct. at 2964. He also claims that he was entitled to a specific instruction on the jury's freedom to exercise mercy. He concedes, however, that there was no objection to the instructions at trial.

■ Despite petitioner's attempts to distinguish among them, we conclude that this case is controlled by *Ford v. Strickland,* 696 F.2d 804 (11th Cir.) (en banc), *cert. denied,* ⸺ U.S. ⸺, 104 S.Ct. 201, 78 L.Ed.2d 176 (1983), and the cases following it.[4] In *Ford,* the en banc court considered a similar challenge[5] to virtually identical instructions, *see id.* at 812. The court noted that *Ford's* failure to object to the instruction at trial precluded consideration of his claim unless he could demonstrate suf-

---

**4.** *See, e.g., Songer v. Wainwright,* 733 F.2d 788, 792 (11th Cir.1984), *cert. denied,* ⸺ U.S. ⸺, 105 S.Ct. 817, 83 L.Ed.2d 809 (1985); *Adams v. Wainwright,* 709 F.2d 1443, 1448–49 (11th Cir. 1983) *cert. denied,* ⸺ U.S. ⸺, 104 S.Ct. 745, 79 L.Ed.2d 203 (1984); *Goode v. Wainwright,* 704 F.2d 593, 601–02 (11th Cir.), *rev'd on other grounds,* 464 U.S. 78, 104 S.Ct. 378, 78 L.Ed.2d 187 (1983).

**5.** Although Ford, unlike Proffitt, made no claim that he had been denied the right to a specific instruction on mercy, the en banc court's discussion of the prejudice standard in *Ford* bars this aspect of Proffitt's claim as well. Here, as in *Ford,* "a rational conclusion is that the jury did not perceive a restriction on the use of any mitigating evidence." *Ford,* 696 F.2d at 813. Proffitt offers *Goodwin v. Balkcom,* 684 F.2d 794 (11th Cir.1982), *cert. denied,* 460 U.S. 1098, 103 S.Ct. 1798, 76 L.Ed.2d 364 (1983); *Spivey v.*

*Zant,* 661 F.2d 464 (5th Cir. Unit B 1981), *cert. denied,* 458 U.S. 1111, 102 S.Ct. 3495, 73 L.Ed.2d 1374 (1982); and *Chenault v. Stynchcombe,* 581 F.2d 444 (5th Cir.1978), in support of his argument that the absence of an instruction on mercy necessarily constitutes prejudice, but these cases invalidated jury instructions which neither discussed mercy nor made any mention of mitigating circumstances at all. We have found no case in this circuit which holds that a defendant automatically meets the *Sykes* prejudice requirement unless a jury is instructed on its ability to disregard everything offered at trial and sentencing and refuse to impose death. Since Proffitt cannot demonstrate actual prejudice stemming from the jury instruction given, he cannot show prejudice from the omission of an instruction that was neither requested by him nor constitutionally mandated.

ficient cause for the omission and actual prejudice from the jury instruction under *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). The court found it unnecessary to reach the issue of cause because it held that Ford's claim was barred due to his failure to demonstrate actual prejudice. *Ford*, 696 F.2d at 812–13. Although the circumstances are not identical, we can discern no principled distinction between the circumstances in *Proffitt* and *Ford* which would permit us to conclude that Proffitt has demonstrated actual prejudice in any greater degree than the petitioner in *Ford*. We therefore hold that this claim is barred under *Ford* for failure to object.

### III. *Conclusion*

The district court's resentencing order of January 5, 1984 and its earlier rejection of Proffitt's claim of error in the mitigating circumstances instruction are

AFFIRMED; PETITION FOR MANDAMUS DENIED.