

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

### NUMBER 13-09-00286-CR
### NUMBER 13-09-00288-CR

**ALVIN MELVIN MERCER JR.,**                                      **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                      **Appellee.**

### On appeal from the County Court
### of Matagorda County, Texas.

### NUMBER 13-09-00430-CR

**ALVIN MELVIN MERCER JR.,**                                      **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                      **Appellee.**

### On appeal from the 130th District Court
### of Matagorda County, Texas.

# MEMORANDUM OPINION ON REHEARING

**Before Chief Justice Valdez and Justices Rodriguez and Benavides**
**Memorandum Opinion on Rehearing by Justice Benavides**

We grant the motion for rehearing filed by appellant Alvin Melvin Mercer Jr., withdraw our opinion and judgment dated May 27, 2011, and issue this opinion on rehearing.

In these three consolidated appeals, Mercer contends that the trial court erred by: (1) accepting a guilty plea when a motion to recuse was pending; (2) not granting defense counsel's motion to withdraw; and (3) conducting a recusal hearing in appellant's absence. We affirm.

## I. BACKGROUND

Mercer had three cases pending in Matagorda County in November 2008. The first case, trial court cause number 2008-0856 (appellate cause number 13-09-0286-CR), was for family-violence assault, a class A misdemeanor. *See* TEX. PENAL CODE ANN. § 22.01(b) (West Supp. 2010). The second case, trial court cause number 2008-0039 (appellate cause number 13-09-0288-CR), was for violating a protective order, another class A misdemeanor. *See id.* § 25.07 (West Supp. 2010). The third case, trial court cause number 08-376-SJ (appellate cause number 13-09-0430-CR), was for tampering with a witness, a state-jail felony. *See id.* § 36.05 (West 2003). The record indicates that Mercer entered into a plea bargain with the State to plead guilty in all three cases in exchange for a 180-day sentence in county jail.

**A.     Procedural History in Family-Violence Assault and Protective Order Cases**

Mercer's plea hearing on his family-violence assault case was scheduled for November 6, 2008. On that same day, Mercer alleges that he filed a motion to recuse in the protective order case arguing that Judge Nate McDonald should be recused on the ground that he is not an attorney and, thus, should not be allowed to adjudicate criminal matters.[1] However, the docket sheet in the protective order case does not reflect that a motion to recuse was filed on November 6, 2008. Further, despite having allegedly filed this motion, Mercer fully participated at the plea hearing in the family-violence assault case and failed to inform Judge McDonald about his recusal motion in the protective order case. Judge McDonald accepted Mercer's guilty pleas for the first two misdemeanor cases and ordered a sentencing hearing for January 16, 2009. On that same day, November 6, 2008, Mercer pleaded guilty to the felony case before Judge Craig Estlinbaum.

At the January 16, 2009 hearing, Mercer brought the motion to recuse to Judge McDonald's attention for the first time with a motion to vacate his guilty pleas. At that time, Judge McDonald referred the motion to vacate and the underlying motion to recuse to the Honorable Olen Underwood, Presiding Judge of the Second Administrative Judicial District of Texas. Judge Underwood assigned Judge Brady G. Elliott to hear

---

[1] The Texas Constitution sets forth the eligibility requirements for a county judge:

There shall be established in each county in this State a County Court, which shall be a court of record; and there shall be elected in each county, by the qualified voters, a County Judge, who shall be well informed in the law of the State; shall be a conservator of the peace, and shall hold his office for four years, and until his successor shall be elected and qualified. He shall receive as compensation for his services such fees and perquisites as may be prescribed by law.

TEX. CONST. art. 5, § 15. Although the constitution requires a county judge to "be well informed in the law of the State," there is no requirement that the judge be a licensed attorney. Mercer, however, appeared to challenge the constitutionality of a non-attorney adjudicating him in a criminal matter.

these matters, and the motions were set for hearing.

Prior to the hearing before Judge Elliott, additional motions were filed. First, Mercer's attorney, Frederick B. Cull, filed a motion to withdraw as counsel because he did not want to advocate the motion to recuse. In response, Mercer filed a pro se motion to withdraw the motion to recuse on the basis that he would not have an attorney to argue the motion. When Judge Elliott finally heard all of the motions at a hearing on March 27, 2009, he denied the motion to vacate, motion to recuse, and motion to withdraw.

Although Mercer's guilty pleas on his two misdemeanor charges were the product of a plea bargain, the trial court granted him permission to appeal. *See* TEX. R. APP. P. 25.2(a)(2)(b). Accordingly, Mercer appealed two issues from these cases: he asserted that the trial court erred when it accepted his guilty plea when a motion to recuse was pending (issue one) and when it denied his counsel's motion to withdraw (issue two).

## B. Procedural History in Witness Tampering Case

Mercer filed similar motions in his witness tampering case. On January 16, 2009, Mercer filed a "Motion to Vacate Plea, Recuse, and Disqualify" but against a different judge and for a different reason. In this motion, Mercer attempted to withdraw his guilty plea by alleging the following:

> [Local attorney] William Pendergraft exercised an illegal scheme with the Matagorda County authorities to induce the Defendant [Mercer] to plead guilty to obtain a favorable result for himself and his client, serial "victim" [T.D.V.] in a lawsuit that had been filed and later served in the courtroom after the Matagorda County officials witnessed Mercer enter his plea.[2]

---

[2] This lawsuit, styled T.D.V. v. Alvin Mercer Jr., was filed in the 23rd Judicial District Court of Matagorda County, Texas under trial court cause number of 08-H-0628-C.

4

Mercer argued that he would not have pleaded guilty to his crime on November 8, 2008 before Judge Estlinbaum if he had known about Pendergraft's alleged scheme and subsequent lawsuit against him. Upon learning about this alleged conspiracy, Mercer filed a civil rights lawsuit under title 42, section 1983 of the United States Code against attorney Pendergraft, Pendergraft's client Leca, and Matagorda County. *See* 42 U.S.C.A. § 1983 (2006) (providing a federal civil cause of action for the deprivation of civil rights). Consequently, Mercer's motion to recuse in this case argued that, because Matagorda County was a party to his civil rights lawsuit, the court should assign a visiting judge to avoid the "appearance of impropriety . . . especially at the expense of an honorable and independent judiciary."

Judge Estlinbaum declined to recuse himself and referred the case to the Second Administrative Judicial Region. Judge Underwood, Presiding Judge of the Second Administrative Judicial District, held a hearing on the motion to recuse. Mercer did not appear at the hearing. At the hearing, the following colloquy occurred:

JUDGE UNDERWOOD: Where is your client today, Counsel?

ATTORNEY CULL: He is not present, your Honor.

JUDGE UNDERWOOD: I know he's not present.

ATTORNEY CULL: I'm not sure where he is today, your Honor. I imagine he's at work.

JUDGE UNDERWOOD: It's a voluntary absence. It's not an absence that the court can control; is that correct?

ATTORNEY CULL: That would be my understanding, your Honor.

JUDGE UNDERWOOD: All right. Very well. . . .

5

Judge Underwood denied the motion to recuse and transferred the case back to the trial court. The trial court granted Mercer limited permission to appeal, *see* TEX. R. APP. P. 25.2(a)(2)(b), by issuing the following order on November 5, 2009:

> I, CRAIG ESTLINBAUM, Judge Presiding, certify this criminal case is a plea bargain case, and the Defendant has NO right of appeal, provided, however, that the Defendant does have the right to appeal the order on the motion to recuse entered after the guilty plea was accepted and the trial court found the Defendant guilty of the charged offense because that order does not attack the propriety of the defendant's conviction.

Accordingly, although Mercer appealed two issues from this cause number, we only address the issue regarding Mercer's absence from the hearing on the motion to recuse (issue three). We dismiss Mercer's fourth issue, which was whether the trial court erred by denying his motion for new trial, because the trial court specifically limited his ability to appeal per the above order. *See* TEX. R. APP. P. 25.2(a)(2)(b) ("In a plea bargain case—that is, a case in which a defendant's plea was guilty . . . a defendant may appeal only after getting the trial court's permission to appeal.").

## II. ANALYSIS

### A.  Issue One:  The Motion to Recuse

By his first issue, Mercer argues that the trial court erred when it accepted his guilty pleas when a motion to recuse was on file. Mercer sought to recuse Judge McDonald on the ground that Judge McDonald is not an attorney, and Judge Estlinbaum because he was employed by Matagorda County and Mercer had a pending civil lawsuit against the County of Matagorda.

Motions to recuse are governed by Rule 18a of the Texas Rules of Civil Procedure. The rule, in relevant part, provides as follows:

(a)     At least ten days before the date set for trial or other hearing in any

6

court other than the Supreme Court, the Court of Criminal Appeals or the court of appeals, any party may file with the clerk of the court a motion stating grounds why the judge before whom the case is pending should not sit in the case. The grounds may include any disability of the judge to sit in the case. The motion shall be verified and must state with particularity the grounds why the judge before whom the case is pending should not sit. The motion shall be made on personal knowledge and shall set forth such facts as would be admissible in evidence provided that facts may be stated upon information and belief if the grounds of such belief are specifically stated.

(b)     On the day the motion is filed, copies shall be served on all other parties or their counsel of record, together with a notice that movant expects the motion to be presented to the judge three days after the filing of such motion unless otherwise ordered by the judge. Any other party may file with the clerk an opposing or concurring statement at any time before the motion is heard.

(c)     Prior to any further proceedings in the case, the judge shall either recuse himself or request the presiding judge of the administrative judicial district to assign a judge to hear such motion. If the judge recuses himself, he shall enter an order of recusal and request the presiding judge of the administrative judicial district to assign another judge to sit, and shall make no further orders and shall take not further action in the case except for good cause stated in the order in which such action is taken.

TEX. R. CIV. P. 18a(a)–(c).

Mercer's motion to recuse is problematic for several reasons. First, and most importantly, *none* of the docket sheets for Mercer's three underlying cases indicate when the motion to recuse was actually filed. By his counsel's own admission, though, Mercer apparently filed the motion to recuse on November 6, 2008, in the protective order case—the same day that he pleaded guilty in all counts in the three cases. This date is corroborated by a file-stamped copy of the motion, which apparently was first presented at the January 16, 2009 sentencing hearing. Assuming without deciding that Mercer's

7

motion was properly filed on November 6, 2008,[3] we note that the mandatory referral provisions of rule 18a are not triggered if a recusal motion is procedurally defective. *DeBlanc v. State*, 799 S.W.2d 701, 706 (Tex. Crim. App. 1990); *Vargas v. State*, 883 S.W.2d 256, 259 (Tex. App.–Corpus Christi 1994, pet. ref'd). The rule provides that motions to recuse must be on file at least ten days before a hearing. TEX. R. CIV. P. 18a(a). Mercer's motion, if any, was not. The rule also provides that Mercer should have served copies of this motion to the State with a notice of hearing on the motion. Based on the record before us, Mercer did not comply with this requirement either.[4] In short, "[a]ppellant failed to comply with [r]ule 18a and as such he will not be heard to complain on appeal of the denial of an opportunity to have his motion heard by a judge other than the one assigned to his case." *DeBlanc*, 799 S.W.2d at 706.

Second, we note that the trial court is not required to consider a motion unless it is called to its attention. *See In re Smith*, 263 S.W.3d 93, 96 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding); *Risner v. McDonald's Corp.*, 18 S.W.3d 903, 909 (Tex. App.—Beaumont 2000, pet. denied); *Metzger v. Sebek*, 892 S.W.2d 20, 49 (Tex. App. —Houston [1st. Dist.] 1994, writ denied). During the hearing where Mercer pleaded guilty to his two misdemeanor cases, Mercer made no mention of the motion to recuse. In addition, there is no documentation indicating that Judge McDonald knew about the motion to recuse when he accepted Mercer's guilty pleas on the misdemeanor

---

[3] We again note that, after a careful review of the record, we find nothing in the docket records of trial court cause numbers 2008-0856 (family assault), 2008-0039 (violation of a protective order), or 08-376-SJ (tampering with a witness) to reflect that the motion to recuse was even filed on November 6, 2008. The only reference to it in the clerk's record as an exhibit to a motion filed January 16, 2009.

[4] At the hearing on the motion to recuse, the Matagorda County prosecutor indicated that he "knew enough that if [the motion to recuse] had been filed that we would not proceed." He went on to testify that Judge McDonald was not aware of the motion either: "I would think that the Judge would have had the same understanding that I had, that . . . if we had known that it would have been filed, we would not have proceeded."

8

cases on November 6, 2008. Similarly, we find no evidence that Judge Estlinbaum was aware of this motion to recuse, either, when he accepted the guilty plea on the felony count. We cannot fault a judge for failing to consider a motion when it was not brought to the court's attention. *See In re Smith*, 263 S.W.3d at 96. For these reasons, we overrule Mercer's first issue.

**B.     Issue Two:   The Motion to Withdraw as Counsel**

By his second issue, Mercer argues that the trial court erred when it denied his defense attorney's motion to withdraw as counsel on March 27, 2009. Mercer's attorney, Cull, filed a motion to withdraw as counsel on March 11, 2009, because he did not want to prosecute Mercer's motion to recuse Judge McDonald. Mercer contends he "was forced to accept the representation of a lawyer who did not want to represent him." Mercer claims that the denial of the motion to withdraw "runs afoul of the Sixth Amendment's right to counsel" because Cull did not "effectively and zealously" represent him and pursue a motion he wanted urged before the court.

Texas Rule of Civil Procedure 10 provides that, "[a]n attorney may withdraw from representing a party only upon written motion for good cause shown." TEX. R. CIV. P. 10. "When a trial court allows an attorney to voluntarily withdraw, it must give the party time to secure new counsel and time for the new counsel to investigate the case and prepare for trial." *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986) (citing *Lowe v. City of Arlington*, 453 S.W.2d 379, 382 (Tex. Civ. App.–Fort Worth 1970, writ ref'd n.r.e.)). In addition, before a trial court allows an attorney to withdraw, it should see that the attorney has complied with the attorney professional code of conduct. *Moss v. Malone*, 880 S.W.2d 45, 51 (Tex. App.–Tyler 1994, writ denied). The Texas

9

Disciplinary Rule of Professional Conduct 1.15 provides, in relevant part, as follows:

> Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client[']s interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payments of fee that has not been earned. . . .

TEX. DISCIPLINARY R. PROF'L CONDUCT 1.15. A trial court abuses its discretion when it grants a motion to withdraw which does not comply with rule 10. *Moss*, 880 S.W.2d at 51.

Most cases discussing motions to withdraw as counsel address the granting of a motion where the client is left without representation. *See Villegas*, 711 S.W.2d at 624; *Moss*, 880 S.W.2d at 51. Here, however, Mercer complains because the court denied the motion and forced him to be represented by counsel.[5] The court's decision ensured that Mercer's legal interests were protected until he secured new legal counsel, and for this reason, we hold that the trial court did not abuse its discretion in denying the motion to withdraw. *Moss*, 880 S.W.2d at 51. We also note that a month and a half later, as soon as Mercer engaged a new attorney, the trial court granted Mercer's motion to substitute counsel: an order dated April 14, 2009 reflects that attorney John Carroll Boudreaux was substituted as counsel of record for Cull. In light of the foregoing, we

---

[5] Mercer's briefing on issue two also makes vague and confusing references to United States Supreme Court cases *Strickland v. Washington*, which discusses ineffective assistance of counsel, and *Anders v. California*, which sets forth the procedure by which an appellate attorney can withdraw as counsel when the attorney finds there is no appellate error based on a review of the record.

Mercer did not raise ineffective assistance of counsel as a formal issue in the brief. *See* TEX. R. APP. P. 38.1(f) (providing that "[t]he brief must state concisely all issues or points presented for review."). Furthermore, we note that *Anders* arguments are usually advanced by attorneys, not appellants themselves. Mercer's *Anders* arguments seem to contend that his counsel should not have been allowed to proceed if he no longer wished to pursue certain pre-trial motions. In accordance with rule 38.1 of the Texas Rules of Appellate Procedure, we can only consider contentions that are supported by clear and concise arguments with appropriate citations to authorities and to the record. *See id.* at R. 38.1(i).

overrule Mercer's second issue.

**C.      Issue Three:    Mercer's Absence From the Hearing on Motion to Recuse**

By his third issue, Mercer argues that the trial court erred when it conducted the hearing on the motion to recuse in the witness tampering case when he was not present. Texas Code of Criminal Procedure article 33 provides criminal defendants with a statutory right to be present during their trials.    *See* TEX. CODE CRIM. PROC. ANN. art. 33.03 (West 2010); *Routier v. State*, 112 S.W.3d 554, 575 (Tex. Crim. App. 2003).   The statute, in relevant part, reads as follows:

> In all prosecutions for felonies, the defendant must be personally present at the trial, and he must likewise be present in all cases of misdemeanor when the punishment or any part thereof is imprisonment in jail; provided, however, that in all cases, when the defendant voluntarily absents himself after pleading to the indictment or information, or after the jury has been selected when trial is before a jury, the trial may proceed to its conclusion. When the record in the appellate court shows that the defendant was present at the commencement, or any portion of the trial, it shall be presumed in the absence of all evidence in the record to the contrary that he was present during the whole trial.   Provided, however, that the presence of the defendant shall not be required at the hearing on the motion for new trial in any misdemeanor case.

*See* TEX. CODE CRIM. PROC. ANN. art. 33.03.

We note that article 33 provides that defendants "must be personally present *at the trial.*"    *See* TEX. CODE CRIM. PROC. ANN. art. 33.03 (emphasis added).    In *Snyder v. Massachusetts*, the United States Supreme Court explained that there is a due process right for a defendant to be present at his trial "whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge." 291 U.S. 97, 107 (1934), *overruled on other grounds by Malloy v. Hogan*, 378 U.S. 1 (1964); *see* U.S. CONST. amend. XI (outlining the "confrontation clause").    The "presence of a defendant is a condition of due process to the extent that a fair and just

11

hearing would be thwarted by his absence, and to that extent only." *Snyder*, 291 U.S. at 105–06, 108. The *Snyder* Court also held that due process does not require the defendant's presence "when [his] presence would be useless, or the benefit but a shadow." *Id.* at 106–07.

Mercer relies on cases which stand for the proposition that a defendant is entitled to be present to defend against the charge he faces. *See Snyder*, 291 U.S. at 107; *People v. Dokes*, 595 N.E.2d 836, 838 (N.Y. 1992). Here, however, Mercer did not have to defend himself because he had already pleaded guilty to the crime. Mercer cites no authority, and we find none, that supports the notion that a defendant must be present at a post-trial hearing after he voluntarily pleaded guilty to an offense. The hearing on Mercer's motion to recuse did not have a "reasonably substantial" relationship to his ability to guard against the charge of witness tampering. The hearing, instead, was based on Mercer's motion that the court should assign a visiting judge to avoid the "appearance of impropriety" given that Mercer had sued Matagorda County in an unrelated civil rights lawsuit. Mercer's presence thus would have been "useless" to the opportunity to defend himself against the charge of witness tampering. *See Snyder*, 291 U.S. at 106–07.

Further, we note that Mercer's attorney effectively waived Mercer's right to be present. Prior to the hearing, Judge Underwood stated he believed Mercer's absence to be a voluntary absence. Mercer's counsel replied, "That would be my understanding, your Honor." Mercer failed to show that a fair and just hearing was thwarted by his absence, especially since his attorney was present. *Id.* at 105–06; *see Routier*, 112 S.W.3d at 577. Although Mercer is correct in contending that an attorney cannot waive

12

a defendant's presence at trial, *see Proffitt v. Wainwright*, 706 F.2d 311, 312 (11th Circ. 1983), we again note that the hearing on the motion to recuse was not a trial.

Finally, even if we were to assume that the trial court erred by conducting the hearing in Mercer's absence, and that Mercer's absence was involuntary, he could not prevail under either the constitutional or the non-constitutional error standard. *See Routier*, 112 S.W.3d at 577 (citing TEX. R. APP. P. 44.2(a)-(b)). "An appellant is harmed by a constitutional error unless after reviewing the record, the reviewing court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment." *Id.*; *see* TEX. R. APP. P. 44.2; *see also Mares v. State*, 571 S.W.2d 303, 305 (Tex. Crim. App. 1978) ("It is not everything that takes place in the absence of a defendant upon trial for which a reversal should be ordered. There must be an actual showing of injury or a showing of facts from which injury might reasonably be inferred."). Here, again, the alleged error did not "contribute to the conviction or punishment" of Mercer because he had already pleaded guilty. Accordingly, we overrule Mercer's third issue.

## III. CONCLUSION

Having overruled all of Mercer's issues on appeal, we affirm the judgments of the trial court.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P.47.2(b).

Delivered and filed the
23rd day of February, 2012.