**Jeannie MOSS, Appellant,**

v.

**Jan Heard MALONE, Appellee.**

**No. 12–92–00283–CV.**

Court of Appeals of Texas, Tyler.

Feb. 25, 1994.

Opinion Overruling Rehearing April 29, 1994.

Fred Head, Athens, for appellant.

Douglas McSwane & Michael Starr, Tyler, Richard L. Ray, Canton, for appellee.

HOLCOMB, Justice.

This appeal is from a denial of a motion for new trial after the court allowed Appellant's

original attorney to withdraw and Appellant being *pro se,* dismissed her case.

Appellant brings four points of error complaining of the trial court's actions: in allowing her original counsel to withdraw and thereafter resetting the case for trial too quickly to enable her to secure counsel and then dismissing her case in violation of the Fifth, Sixth and Fourteenth Amendments to the UNITED STATES CONSTITUTION; in granting her counsel's motion to withdraw one day prior to trial violating TEXAS RULES OF CIVIL PROCEDURE 10 and TEXAS DISCIPLINARY RULES OF PROFESSIONAL CONDUCT 1.15; refusing to allow Appellant to put on evidence at the hearing on Appellant's motion for new trial in violation of TEXAS RULES OF CIVIL PROCEDURE 324(b)1; and in overruling Appellant's motion for new trial after evidence reflected Appellee's counsel had unduly harassed and coerced Appellant who was without counsel immediately prior to the dismissal of the case in violation of TEXAS DISCIPLINARY RULES OF PROFESSIONAL CONDUCT 4.01, 4.03, and 4.04, thereby violating her constitutional right to trial and rendering the dismissal involuntary and void. We will reverse the case and remand it to the trial court.

While there were no statement of facts filed, from the transcript and uncontradicted statements contained in the briefs, we find the following to be the essential facts.

Appellant's son had died as a result of an accident that had occurred between a vehicle driven by Appellee and the bicycle he was riding in Van Zandt County on March 26, 1988. Appellant brought suit through her attorney, Ted Beatty, on March 23, 1990, alleging negligence on the part of Appellee which had resulted in the death of the child. It appears there had been extensive discovery at various times during the preparation of the case for trial.

On December 9, 1991, Appellee filed a request for setting asking the court to set the case on the jury docket for March or April 1992. The court complied and the case was set for jury trial on March 9, 1992. On February 5, 1992, Appellee withdrew her request for a jury and asked the case be set for trial on the nonjury docket on March 11th or 12th, 1992. On February 10, 1992, Appel-

lant, through her attorney, paid a jury fee. On February 24, 1992, Appellee filed her motion to strike jury demand and requested a hearing on this motion, which was set on March 5, 1992. On March 2, 1992, Appellee filed her designation of exhibits and requested jury questions, instructions, and definitions in preparation for a jury trial. On March 3, 1992, Appellant did the same. On March 5, 1992, a hearing was held on Appellee's motion to strike jury demand. Appellant's attorney announced that both parties were ready for trial on the jury docket for March 9, 1992. The court however, moved the case from the jury docket and placed the case on the nonjury docket for March 12, 1992. On March 11, 1992, one day prior to the non-jury trial, Appellant's attorney filed a motion to withdraw which reads as follows:

TED BEATTY, attorney for JEANNIE MOSS, Plaintiff in this cause, moves this court to enter an order permitting him to withdraw as counsel of record, and in support of this motion shows:

There exists a material difference of opinion between Movant and Plaintiff as to the presentation of this case.

The granting of this motion will not have a material adverse effect on the interests of the Defendant and will not result in an unreasonable delay in the proceedings.

WHEREFORE, movant prays the court grant this motion and order that he be released as counsel of record in this cause.

A telephone conference hearing was held between Appellant's attorney, Appellee's attorney, and the court. The trial judge orally allowed Appellant's attorney to withdraw; the order was not signed until March 23, 1992. There also appears an identical second order signed by the trial judge on April 21, 1992. The court then set the case for nonjury trial on April 9, 1992. At this setting Appellant appeared without counsel, and the following transpired:

THE COURT: 90–156, Jeannie Moss versus Jan Heard Malone. Ma'am, you mentioned the possibility of getting a lawyer.

MS. MOSS: E. Ray Andrews.

THE COURT: You mentioned E. Ray Andrews.

MS. MOSS: I talked to him this morning.

THE COURT: Have you retained him to represent you?

MS. MOSS: Yes, sir, I have. He has the records. I just need some more time.

THE COURT: Did he say anything about why he didn't file a motion for continuance? How long ago did you retain him?

MS. MOSS: Last week.

THE COURT: Mr. McSwane.

McSWANE: *[Attorney for Appellee]* Your Honor, I think the Court recalls the facts of this case. At the time that Mr. Beatty withdrew, when I checked back was March 10th. She was told that it would go to trial on the 9th. It had been set twice before. In fact, they had announced ready at the time of the last setting when counsel withdrew.

We are ready to proceed. We are ready to go this afternoon. I mean, if she can call Mr. Andrews and he can be here, we will be ready to go.

MS. MOSS: He can't be here. When he received this date—

THE COURT: Did Mr. Beatty tell you back on March the 10th when we had a telephone conference and when I allowed him to withdraw that the case was set for today?

MS. MOSS: No, he didn't. He said he would call me and get the files to me. And I received the files in the mail a week ago. And he had a little card pinned in there that said be sure to be there on the 9th. And E. Ray said he could not possibly—

McSWANE: Your Honor, I beg to differ. She was in the room at the time the Court concluded the hearing. She came in, the Court specifically stated it was set April the 9th at the time. If I need to testify to that, I will.

MS. MOSS: I'm sorry. I did not hear that.

THE COURT: Were you in the room when Mr. Beatty was on the phone to me and Mr. McSwane?

MS. MOSS: No, sir. I just walked in as you were hanging up. He told you I just walked in.

THE COURT: We are going to call Mr. Andrews and we will take the case up in a few moments.

[Brief recess.]

THE COURT: Let me see everyone again on Jeannie Moss versus Jan Heard Malone, please.

We have talked to Mr. Andrews' office and he says that what he said was that if you could get a continuance that he would look over your paperwork and tell you after that whether he would take the case, not that he had been retained to represent you.

MS. MOSS: That's not what he told me because he was reading—

THE COURT: I will give you a chance to talk in just a minute.

I will grant you a continuance until the 7th day of May, 1992. That's roughly thirty days from today's date. I knew when I let Mr. Beatty withdraw that we were going to get into this situation.

But according to his motion, you don't want him to be your lawyer anymore and that's fine. But you have the right to a lawyer of your choice.

But on May the 7th, 1992, I will write that date down for you, May the 7th, 1992, at 9 a.m., I will call the case for trial.

Whether you get him or any other lawyer to represent you, be present with your lawyer and tell your lawyer the case has been pending. This is not the first setting. So he's going to have to come up here ready to try the lawsuit, not just get some sort of first setting on a hearing. Do you understand?

MS. MOSS: Yes. The reason I let Ted Beatty go is because he didn't ever notify me when he would get a letter. I would call his office. He did not do me a good job.

THE COURT: That's fine. And that's what I'm saying. That's between you and your lawyer and you have the right

to have any lawyer you want to. And that's what I have done. But there won't be any other continuances.

So on May 7, 1992, we will try the case.

McSWANE: I would like to have the witnesses sworn.

Everyone that's present on the lawsuit styled Jeannie Moss versus Jan Heard Malone, will you stand at this time, please, if you are here on that lawsuit and raise your right hands, please.

[Witnesses sworn.]

THE COURT: Ladies and gentlemen, this case has been continued until the 7th day of May, 1992. That's May 7, 1992 at 9 o'clock in the morning.

At that time, the case will be tried. You will not receive any other subpoenas from any of the lawyers or from the clerk's office in this case because this case will be carried over. So you will have to come back on May 7, 1992 at 9 o'clock without having received any other paperwork or notifications. I just want to make you aware of that and please mark it on you calendar or make a note so you won't overlook it.

But the case will be tried on May 7, 1992 at 9 a.m. Thank you for being present.

[Hearing recessed.]

On May 7, 1992, the parties again appeared before the trial court and the following transpired:

THE COURT: Jeannie Moss and Jan Heard Malone.

MS. MOSS: May we come to the bench?

THE COURT: You may.

MS. MOSS: E. Ray couldn't be here today. He said he needed at least thirty more days and I've got the file and that whatever you wanted to do, for me to play it by ear.

And if you needed to talk to him, you could call him. But he said for me to— to represent me fairly, he needed at least thirty more days because it wasn't being fair to me because he didn't know that much about the case.

And that Ted was let off too quick and that the trial was set too quick after Ted was off. So I don't know.

THE COURT: The trial was set before Mr Beatty was released.

Well, we've already been through the same circumstances—

MS. MOSS: I've got the file and everything. He said, you know, whatever you thought was right, what you wanted to do so. For me just to play it by ear and go along with you and see what happens. We could just start over. He said he had no other choice.

But he didn't know that much about the case and for him to—like I said, to represent me fairly. He said it wouldn't be fair to me, it wasn't fair to them.

THE COURT: What says the Defendant?

McSWANE: We are opposed to it, Your Honor.

THE COURT: Very well. The request for continuance will be overruled.

MS. MOSS: So what's going to happen, I'm going to be without a lawyer today?

THE COURT: That's correct.

MS. MOSS: I won't drop the case, I won't.

THE COURT: This Court is not going—

MS. MOSS: But he's trying to make me look like a criminal. This woman took my child away from me. And I can't—

McSWANE: Judge, we're ready.

MS. MOSS: She wants me to pay her $500.

THE COURT: You may take your seats.

[Hearing briefly recessed.]

THE COURT: 90–156, Jeannie Moss versus Jan Malone.

McSWANE: Your Honor, may we approach the bench?

THE COURT: You may.

McSWANE: Judge, it's my understanding, I won't speak for Ms. Moss. But my understanding is she wished to dismiss the case—well, I will let her speak.

MS. MOSS: Well, I'm not really happy about the decision up here and I don't want to be crucified. I don't want them to make me look like I'm bad. She's the one in the wrong. So to let everybody

rest and let my son rest, I guess I will just drop it.

THE COURT: Any opposition by anyone?

McSWANE: No, Your Honor.

MR. RAY: *[Attorney for Appellee]* By drop, do you mean to dismiss the case, is that what you mean by dropping it?

MS. MOSS: Yes.

THE COURT: Very well. That request will be granted. Thank you. This case will be in recess.

[Hearing concluded.]

There appears in the record two orders of dismissal, one filed on May 12, 1992, and another signed on May 20, 1992. These orders to dismiss are identical except for the date. On June 5, 1992, Appellant obviously having then found counsel, filed her motion for new trial. Over Appellant's objection to the court and upon the urging of Appellee, the court did not hear any evidence but considered only the affidavits which were attached to the motion for new trial. The trial court did not rule on the motion and allowed it to be overruled as a matter of law on August 11, 1992. The trial court formally overruled the motion for new trial on October 5, 1992.

■ Appellant claims the court committed reversible error by granting the motion to withdraw by Appellant's former attorney one day prior to trial in violation of TEXAS RULES OF CIVIL PROCEDURE 10 and TEXAS DISCIPLINARY RULES OF PROFESSIONAL CONDUCT 1.15. The pertinent portions of Rule 10 read as follows:

> An attorney may withdraw from representing a party only upon written motion for good cause shown.... If another attorney is not to be substituted as attorney for the party, the motion *shall* state: that a copy of the motion has been delivered to the party; *that the party has been notified in writing of his right to object to the motion; whether the party consents to the motion;* the party's last known address and all pending settings and deadlines. If the motion is granted, the withdrawing attorney shall immediately notify the party in writing of any additional settings or deadlines of which the attorney had knowl-edge at the time of the withdrawal and has not already notified the party. *The Court may impose further conditions upon granting leave to withdraw.* Notice or delivery to a party shall be either made to the party in person or mailed to the party's last known address by both certified and regular first class mail. If the attorney in charge withdraws and another attorney remains or becomes substituted, another attorney in charge must be designated of record with notice to all other parties in accordance with Rule 21a.

TEX.R.CIV.P. 10 (emphasis added).

The motion to withdraw failed to comply in the following regard:

(1) It does not appear that a copy of the motion was sent or attempted to be sent to Appellant; or

(2) that she had any notice of the motion being filed and being heard by the court;

(3) Appellant was not notified of her right to object to the motion;

(4) it does not appear that Appellant consented to the motion; and

(5) Appellant's last known address and all pending settings and deadlines, including a trial setting, were not given to her.

We are called upon to decide whether it is error for a court to allow an attorney to withdraw from representation of a client without complying with the provisions of Rule 10 of the TEXAS RULES OF CIVIL PROCEDURE requiring adequate notice to that client. This appears to be a case of first impression in Texas. Appellee, while acknowledging the motion to withdraw does not technically comply with Rule 10, argues that the trial court's decision to allow the withdrawal was not an abuse of discretion. And in this regard, Appellee states a reading of the above record shows that Appellant was aware of the withdrawal, acquiesced in it, and that it was her desire for Beatty to withdraw. We, however, decline to read the record with the same expansiveness. We read it to imply she had differences with her attorney because he failed to keep her apprised of settings, etc., and that she received her file from him one week prior to the April 9th setting.

In *Villegas v. Carter*, 711 S.W.2d 624 (Tex. 1986), the Supreme Court found that it was an abuse of discretion for the trial court to allow the attorney for the appellant to withdraw two days prior to the trial. The court stated that:

> [T]he right to counsel is a valuable right; its unwarranted denial is reversible error. (citations omitted) Therefore when a trial court allows an attorney to voluntarily withdraw, it must give the party time to secure new counsel and time for the new counsel to investigate the case and prepare for trial.

*Villegas*, 711 S.W.2d at 626.

In *Villegas*, the Appellant's file was turned over to him only six days prior to the date the case was set for hearing and that the last withdrawal of the two attorneys was only two days prior to the time he was required to proceed to trial.

The rules governing withdrawal contain provisions which are obviously placed there to protect the client's interest. In this case, the motion to withdraw as counsel, filed by Appellant's attorney, in addition to the stated defects, makes no reference to the effect of the withdrawal on his client. Allowing the attorney to improperly withdraw, however, did affect, and cause, the events which took place on April 9th and May 7th. On May 7, 1992, Appellant was involved in a lawsuit to fix liability for the death of her son, in which she was not represented by counsel against an adversary represented by at least two attorneys.

■ The court could have protected the Appellant's interests and ordered the attorney to continue to represent Appellant even though good cause may have existed for terminating the representation. He also could have ordered the Appellant, as a client, to have appeared with the attorney to determine the underlying facts of the withdrawal. *See* Tex.Disc. Rules of Prof.Con. 1.15. A motion of continuance, which Appellant presented in the May 7th hearing, is within the trial court's sound discretion to either grant or deny. *State v. Crank*, 666 S.W.2d 91, 94 (Tex.1984); *Hernandez v. Heldenfels*, 374 S.W.2d 196, 202 (Tex.1963). While the trial court's course of action will not be disturbed unless the record discloses a clear abuse of discretion; when the ground for the continuance is the withdrawal of counsel, the movant must show that the failure to be represented at trial was not due to their own fault or negligence. *State v. Crank*, 666 S.W.2d at 94. We find the record negates either fault or negligence on Appellant's part. Generally when movants fail to comply with Tex. R.Civ.P. 251, we will presume that the trial court did not abuse his discretion in denying the motion. *Garcia v. Texas Employers Insurance Assn.*, 622 S.W.2d 626, 630 (Tex. App.—Amarillo 1981, writ ref'd n.r.e.). It would be unrealistic, however, to apply this presumption to lay movants, whose attorneys were allowed to withdraw. *Robinson v. Risinger*, 548 S.W.2d 762, 765 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.). This was a case of wrongful death. During both the April and May hearings it is clear that Appellant not only wished to continue her lawsuit, but that she was having problems getting another attorney to take the case because of the imminent trial setting. There is nothing in the record to suggest that Appellant was seeking delay in order to injure Appellee or that Appellant was negligent in failing to secure counsel.

We hold, under Rule 10 of the Texas Rules of Civil Procedure, the court erred in allowing Appellant's then trial counsel to withdraw with a deficient motion to withdraw without taking steps to protect this party litigant's valuable right. A fundamental element of due process is that every litigant is entitled to be heard in court by counsel of his own selection. This is a valuable right and an unwarranted denial of it is fundamental error where the litigant without negligence or default on his part is deprived of the right of counsel on the eve of trial. *See also* 17 C.J.S. *Continuances*, § 23. Under the narrow circumstances of this case, we find there was an abuse of discretion for the trial court to allow Appellant's attorney to withdraw as counsel. As our finding under the evidence available to us is dispositive of the case, we will not address the remaining points of error.

On the basis of the facts in the record of this case and the application of cited authori-

ties to such facts, we have concluded that the judgment of the trial court should be reversed and the case remanded to the trial court for further proceedings in accordance with this opinion.

### OPINION ON MOTION FOR REHEARING

In her motion for rehearing, Appellee accuses this Court of misapplying the standard of review enunciated in *Villegas v. Carter*, 711 S.W.2d 624 (Tex.1986).

■ By order, on April 24, 1990, the Supreme Court amended TEXAS RULE OF CIVIL PROCEDURE 10 to be effective September 1, 1990. By that Rule change, the mandatory word *"shall"* imposes a duty on the trial court to require a motion to withdraw to comply with the requirements placed there to protect the party litigant. This altered the discretion trial courts may have previously enjoyed. When the trial court granted a motion to withdraw which failed to meet the mandatory requirements of Rule 10, the court abused its discretion. The court was aware that it was doing an act that would be a problem later when he said, "I knew when I let Mr. Beatty withdraw that we were going to get into this situation." (See original opinion for context). We have applied the reasoning in *Villegas* which reads:

Before a trial court allows an attorney to withdraw, it should see that the attorney has complied with the Code of Professional Responsibility:

(A) lawyer should not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice to his client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled and complying with applicable laws and rules.

Supreme Court of Texas, Rules Governing the State Bar of Texas art. XII, § 8 (Code of Professional Responsibility) DR 2-110(A)(2); *Smith v. State*, 490 S.W.2d 902, 909–10 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd n.r.e.).

*Villegas* was decided in 1986. It is noted that TEXAS RULE OF CIVIL PROCEDURE 10, as amended in 1990, appears to adopt essentially the requirements of Article XII, section 8 of the then CODE OF PROFESSIONAL RESPONSIBILITY which is quoted above. The court could have made the error harmless if he had followed the guiding rules and principles of *Villegas*. That is, he should have "give[n] the party time to secure new counsel and time for the new counsel to *investigate* the case and *prepare* for trial." *Villegas*, 711 S.W.2d at 626 (emphasis added).

Appellee attributes importance to the fact that the original counsel was prepared to go to trial two days before he withdrew. However, the trial court did not sign the order allowing counsel to withdraw until March 23, 1992, and the original counsel did not release the file until after that date. Appellant had, at most, sixteen days to "secure new counsel to investigate the case and prepare for trial" before the date set for trial, April 9, 1992. The trial court must allow meaningful time for the party to find new counsel and prepare for trial.

Appellee also assigns great importance to the 57 days that elapsed between the withdrawal of counsel and the docket call on May 7, 1992. She argues that this is sufficient time to secure new counsel. We do not believe this interpretation of the record is realistic. Appellant was forced to try to find counsel to represent her in a wrongful death action within two weeks, obtain a continuance, and then "investigate the case and prepare for trial" in twenty-eight days. If the trial court had given Appellant fifty-seven straight days to "secure new counsel to investigate the case and prepare for trial" then the equities would be significantly altered.

Appellee argues that since Appellant found an attorney willing to file a motion for new trial within thirty days of the dismissal, it conclusively shows that she was not diligent and could have found counsel who would try the case during the twenty-eight days before the dismissal. We hold this argument to be without merit.

■ We hold that the effect of an erroneous ruling on the motion to withdraw, when combined with the failure on two occasions to

give adequate time for the party to secure new counsel and prepare for trial, amounted to harmful error.

Appellee's motion for rehearing is overruled.