NO. 12-00-00293-CV


IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS

 WILLIE PORTER,
§
 APPEAL FROM THE 241ST

APPELLANT



 §
 JUDICIAL DISTRICT COURT OF



MARVIN C. HOPKINS AND 

STACEY J. HOPKINS,

APPELLEES
§
 SMITH COUNTY, TEXAS





PER CURIAM

 Willie Porter ("Porter") appeals the trial court's judgment rendered in favor of Appellees,
Marvin C. Hopkins and Stacey J. Hopkins ( collectively "Hopkins"). The judgment is based, in part,
on admissions deemed against Porter following the withdrawal of his attorney. In two issues, Porter
contends that the trial court wrongfully permitted his trial counsel to withdraw and that the trial court
wrongfully refused to undeem his admissions. We affirm.


Background

 Hopkins filed the underlying suit against Porter alleging violations of the Texas Deceptive
Trade Practices Act ("DTPA") and breach of contract related to Porter's alleged failure to complete
certain necessary improvements related to Hopkins's purchase of a home. On June 24, 1997,
Porter's trial counsel filed a motion to withdraw based on alleged non-payment of attorneys fees and
lack of cooperation by Porter. The motion to withdraw stated that Porter was advised by letter dated
June 23, 1997 and sent by certified and regular mail to his last known address, of his attorney's intent
to withdraw. The motion, which was enclosed with the letter to Porter, further stated that Porter was
advised that a hearing would be conducted on July 2, 1997 and that any objection to the motion
should be made to the trial court in writing before that time. The trial court signed an order granting
the motion to withdraw on July 7, 1997. (1)

 On September 11, 1997, Hopkins served Porter with Plaintiffs' First Request for Admissions. 
Porter failed to timely respond to Hopkins's request. On November 12, 1997, Porter filed a motion
to amend response to petitioner's request for admissions, in which he alleged that his failure to
answer was due to a lack of understanding regarding the document and his attendance to his wife's
cancer treatment. (2) The trial court denied Porter's motion to amend on January 15, 1998 finding that
Porter had not shown good cause for his failure to timely respond. On May 28, 1998, Porter filed
a motion to undeem admissions based on the same grounds as his motion to amend, which was also
denied.

 The Hopkins abandoned their DTPA claim and proceeded on breach of contract. On August
22, 2000, based in part on Porter's deemed admissions, the trial court entered a final judgment
against Porter on the breach of contract claim awarding Hopkins $50,000.00 in damages and
$10,000.00 in attorney's fees.


Withdrawal of Counsel

 In his first issue, Porter contends that the trial court wrongfully permitted his trial counsel
to withdraw. The standard of review on a trial court's grant of an attorney's motion to withdraw is
abuse of discretion. See Williams v. Bank One Texas, N.A., 15 S.W.3d 110, 114 (Tex. App.- Waco
1999, no writ). Withdrawal of counsel is governed by Texas Rule of Civil Procedure 10. Rule 10
requires that in order for an attorney to withdraw from representing a party where another attorney
will not be substituted, the attorney must (1) file written motion for good cause shown, which states
that (2) a copy of the motion has been delivered to the party, (3) that the party has been notified in
writing of his right to object to the motion, (4) whether the party consents to the motion, (5) the
party's last known address and (6) all pending settings and deadlines. See Tex. R. Civ. P. 10. A trial
court abuses its discretion when it grants a motion to withdraw which does not comply with the
mandatory requirements of Rule 10. See Moss v. Malone, 880 S.W.2d 45, 51 (Tex. App.- Tyler
1994, writ denied) (op. on reh'g). However, the court can render such error harmless by giving "the
party time to secure new counsel and time for the new counsel to investigate the case and prepare
for trial." Id., quoting Villegas v. Carter, 711 S.W.2d 624, 626 (Tex. 1986).

 In the case at hand, Porter's trial counsel filed a motion to withdraw based on alleged non-payment of attorneys fees and lack of cooperation by Porter. The motion to withdraw stated that
Porter was advised by letter dated June 23, 1997 and sent by certified and regular mail to his last
known address, of his attorney's intent to withdraw. The motion, which was enclosed with the letter
to Porter, further stated that Porter was advised that a hearing would be conducted on July 2, 1997
and that any objection to the motion should be made to the trial court in writing before that time. 
However, neither the motion, nor the attached letter, which were sent to Porter, contained any notice
of all pending settings and deadlines. (3) As Porter points out, the record reflects that a pre-trial docket
control order was signed on May 21, 1996, which set forth certain deadlines and setting dates. 
However, at the time that Porter's attorney filed his motion to withdraw, all of the setting dates and
deadlines on the trial court's docket control order had passed, including the date of trial. Hopkins
had filed multiple discovery requests, which were, as of the date Porter's attorney filed his motion
to withdraw, long overdue. The trial court did not send out notice of the new trial setting until
September 4, 1997, almost two months after Porter's attorney's motion to withdraw had already been
granted. Thus, the record reflects that at the time Porter's attorney filed his motion to withdraw, and
for almost two months following the date the motion to withdraw was granted, there were no
pending settings or deadlines. Therefore, since the motion to withdraw satisfies the requirements
of Rule 10, the trial court did not abuse its discretion. (4) Porter's first issue is overruled.


Undeeming Admissions

 Requests for admission are automatically deemed admitted as a matter of law on the day after
the answers are due if service of the requests was perfected and no answers, objections, or assertions
of privilege have been filed. See Marshall v. Vise, 767 S.W.2d 699, 700 (Tex. 1989). The trial court
has broad discretion to permit or deny the withdrawal of deemed admissions. See Stelly v. Papania,
927 S.W.2d 620, 622 (Tex. 1996); see also Texas Capital Securities, Inc. v. Sandefer, No. 01-99-01238-CV, 2001 WL 522032, at 9 (Houston [14th Dist.] May 17, 2001, no pet.). An abuse of
discretion occurs when a court acts without reference to guiding rules or principles, or acts arbitrarily
or unreasonably. See Stelly, 927 S.W.2d at 622. A party may withdraw deemed admissions upon
a showing of good cause if the trial court finds the parties relying upon the responses would not be
unduly prejudiced and the presentation of the merits of the action will thereby be observed. See
Morgan v. Timmers Chevrolet, Inc., 1 S.W.3d 803, 806-07 (Tex. App.- Houston [1st Dist.] 1999,
pet. denied). In order to undeem admissions, a party must state good cause, explaining why it did
not timely serve its answers to the request for admissions. See City of Houston v. Riner, 896
S.W.2d 317, 319 (Tex. App.- Houston [1st Dist.] 1995, writ denied). Good cause is established
when the failure to respond is accidental or the result of a mistake, rather than intentional or the
result of conscious indifference. See Wal-Mart Stores, Inc. v. Deggs, 968 S.W.2d 354, 356 (Tex.
1998).

 In the case at hand, in his brief to the trial court on allowing amendment of deemed
admissions, Porter argued that (1) he was not fully aware of what the requests for admissions were,
and (2) that he had not attended to them because of his attentiveness to his wife's health problems. 
In other words, although Porter acknowledges receipt of the request for admissions, the meaning of
which he did not understand, he chose not to retain an attorney and further chose to disregard the
document in the interest of his wife's medical needs. While Porter's decision to attend to his wife's
medical problems is undoubtedly a reasonable and admirable one, it nonetheless does not establish
that Porter's failure to answer was the result of an accident or a mistake. Rather, Porter's actions
amount to a conscious disregard of his legal responsibilities, which cannot, as a matter of law,
constitute good cause. See Deggs, 968 S.W.2d at 356. Thus, we conclude that the trial court did not
act without reference to guiding rules or principles, nor did it act arbitrarily or unreasonably. It
follows that the trial court did not abuse its discretion by refusing to undeem Porter's admissions. 
Porter's second issue is overruled.

 Accordingly, the judgment of the trial court is affirmed.


Opinion delivered July 25, 2001.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.







(DO NOT PUBLISH)
1. There is no indication in the record whether or not a hearing was held on July 2, 1997 as advised in the
motion to withdraw.
2. This motion was filed by the same attorney who had previously withdrawn. This attorney subsequently
filed a motion to withdraw and substitute counsel, which the trial court granted on July 16, 1998.
3. Although the motion to withdraw does not state whether Porter had consented to the withdraw, we believe
a reasonable inference can be drawn that Porter had not given his consent to the withdrawal, given that the cause for
the motion to withdraw was Porter's failure to communicate with his attorney and Porter's failure to respond to his
attorney's correspondence.
4. Even if we had determined the trial court had abused its discretion in granting Porter's attorney's motion
to withdraw, such error would have been harmless. See Walton v. Canon, Short & Gaston, 23 S.W.3d 143, 148
(Tex. App.- El Paso 2000, no writ) (error was harmless when trial court granted a withdrawal and party had 50
additional days before for trial); see also Williams, 15 S.W.3d at 114 (error was harmless when trial court granted a
withdrawal and party had 42 days in which to secure new counsel and prepare for summary judgment hearing). In
the case at hand, following the trial court's granting the motion to withdraw, Porter had ninety-five days to secure
counsel before a response to Hopkins's requests for admission were due.