COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI
- EDINBURG

                                                                     


 

                                       NUMBER
13-09-00286-CR

NUMBER 13-09-00288-CR

 

ALVIN MELVIN MERCER JR.                                             Appellant,

 

v.

 

THE STATE OF TEXAS,                                   
Appellee.

                                                                     


 

On appeal from the County
Court

of Matagorda County,
Texas.

                                                                 
    

 

NUMBER 13-09-00430-CR

 

ALVIN MELVIN MERCER JR.                                            Appellant,

 

v.

 

THE STATE OF
TEXAS,                                    Appellee.

                                                                     


 




On appeal from the 130th
District Court

of Matagorda County,
Texas.

                                                                     


 

MEMORANDUM OPINION

 

       Before
Chief Justice Valdez and Justices Rodriguez, and Benavides

                      Memorandum
Opinion by Justice Benavides

 

In these three consolidated appeals, Appellant, Alvin Melvin Mercer,
Jr., contends that the trial court erred by:  (1) accepting a guilty plea
when a motion to recuse was pending; (2) not granting defense counsel’s motion
to withdraw; and (3) conducting a recusal hearing on a separate motion to
recuse in appellant’s absence.  We affirm.

I.
Background 

Mercer had three cases pending in Matagorda County in November
2008.  The first case, trial court cause number 2008-0856 (appellate cause
number 13-09-0286-CR), was for family-violence assault, a class A
misdemeanor.  See Tex. Penal
Code Ann. § 22.01(b) (West Supp. 2010).  The second case, trial
court cause number 2008-0039 (appellate cause number 13-09-0288-CR) was for
violating a protective order, another class A misdemeanor.  See id.
§ 25.07 (West Supp. 2010).  The third case, trial court cause number
08-376-SJ (appellate cause number 13-09-0430-CR) was for tampering with a
witness, a state-jail felony.  See id. § 36.05 (West
2003).  The record indicates that Mercer made a deal with the State to
enter guilty pleas in all three cases in exchange for a 180-day sentence in
county jail. 

A.        Procedural
History in Family-Violence Assault and Protective Order Cases

Mercer’s plea hearing was scheduled for November 6, 2008 on the
calendar of his family-violence assault case.  On that same day, Mercer alleges
that he filed a motion to recuse in the protective order case.  The motion
argued that Judge Nate McDonald should be recused on the ground that he is
not an attorney and, thus, should not be allowed to adjudicate criminal
matters.[1]  However, the
docket sheet in the protective order case does not reflect that a motion to
recuse was ever filed on this date.  Further, despite having allegedly
filed this motion, Mercer fully participated at the plea hearing
in the family-violence assault case and failed to inform Judge McDonald
about his recusal motion in the protective order case.  Judge McDonald
accepted Mercer's guilty pleas for all three cases and ordered a sentencing
hearing for January 16, 2009.  

At the January 16, 2009 hearing, Mercer brought the motion to
recuse to Judge McDonald’s attention for the first time with a motion to vacate
his guilty pleas.  At that time, Judge McDonald referred the motion
to vacate and the underlying motion to recuse to the Honorable Olen
Underwood, Presiding Judge of the Second Administrative Judicial District of
Texas.  Judge Underwood assigned Judge Brady G. Elliott to hear these matters,
and the motions were set for hearing.

Prior to the hearing before Judge Elliott, additional motions were
filed.  First, Mercer’s attorney, Frederick B. Cull, filed a motion to withdraw
as counsel because he did not want to advocate the motion to recuse.  In
response, Mercer filed a pro se motion to withdraw the motion to recuse on the
basis that he would not have an attorney to argue the motion.  When Judge
Elliott finally heard all of the motions at a hearing on March 27, 2009, he
denied the motion to vacate, motion to recuse, and motion to withdraw.

Although Mercer’s guilty pleas were the product of a plea bargain,
the trial court granted him permission to appeal.  See Tex. R. App. P. 25.2(a)(2)(b). 
Accordingly, Mercer appealed two issues from these cases:  he asserted that the
trial court erred when it accepted his guilty plea when a motion to recuse was
pending (issue one) and when it denied his counsel’s motion to withdraw (issue
two).

B.        Procedural
History in Witness Tampering Case

            Mercer
filed similar motions in his witness tampering case.  On January 16, 2009,
Mercer filed a “Motion to Vacate Plea, Recuse, and Disqualify” but against a
different judge and for a different reason.  In this motion, Mercer attempted
to withdraw his guilty plea by alleging the following: 

[Local attorney] William
Pendergraft exercised an illegal scheme with the Matagorda County authorities
to induce the Defendant [Mercer] to plead guilty to obtain a favorable result
for himself and his client, serial “victim” Tiffany Leca in a lawsuit that had
been filed and later served in the courtroom after the Matagorda County
officials witnessed Mercer enter his plea.[2]  

 

Mercer argued that he would not have pleaded guilty to his crimes
on November 8, 2008 before Judge McDonald if he had known about Pendergraft’s
alleged scheme and subsequent lawsuit against him.  Upon learning about this
alleged conspiracy, Mercer filed a civil rights lawsuit under title 42, section
1983 of the United States Code against attorney Pendergraft, Pendergraft’s
client Leca, and Matagorda County.  See 42 U.S.C.A. § 1983 (1996) (providing
a federal civil cause of action for the deprivation of civil rights).  Consequently,
Mercer’s motion to recuse in this case argued that, because Matagorda County
was a party to his civil rights lawsuit, the court should assign a visiting
judge to avoid the “appearance of impropriety . . . especially at the expense
of an honorable and independent judiciary.”

Judge Craig Estlinbaum declined to recuse himself and referred the
case to the Second Administrative Judicial Region.  Judge Underwood, Presiding
Judge of the Second Administrative Judicial District, held a hearing on the
motion to recuse.  Mercer did not appear at the hearing.  At the hearing, the
following colloquy occurred:

JUDGE UNDERWOOD:                 Where
is your client today, Counsel?

ATTORNEY CULL:                          He is not present, your
Honor.

JUDGE UNDERWOOD:                 I know he’s not present.

ATTORNEY CULL:                          I’m not sure where he is
today, your Honor.  I imagine he’s at work.

JUDGE UNDERWOOD:                 It’s a voluntary absence.  It’s
not an absence that the court can control; is that correct?

ATTORNEY CULL:                          That would be my
understanding, your Honor.  

JUDGE UNDERWOOD:                 All right.  Very well. . . . 

Judge Underwood denied
the motion to recuse and transferred the case back to the trial court.  The
trial court granted Mercer limited permission to appeal, see Tex. R. App. P. 25.2(a)(2)(b), by
issuing the following order on November 5, 2009:

I, CRAIG ESTLINBAUM, Judge
Presiding, certify this criminal case is a plea bargain case, and the Defendant
has NO right of appeal, provided, however, that the Defendant does have the
right to appeal the order on the motion to recuse entered after the guilty plea
was accepted and the trial court found the Defendant guilty of the charged
offense because that order does not attack the propriety of the defendant’s
conviction.

 

Accordingly, although Mercer appealed two issues from this cause
number, we only address the issue regarding Mercer’s absence from the hearing
on the motion to recuse (issue three).  We dismiss Mercer‘s fourth issue, which was
whether the trial court erred by denying his motion for new trial, because the
trial court specifically limited his ability to appeal per the above order.  See Tex. R. App. P. 25.2(a)(2)(b) (“In a
plea bargain case—that is, a case in which a defendant’s plea was guilty . . .
a defendant may appeal only after getting the trial court’s permission to
appeal.”).  

II.
Analysis

 

A.       
Issue One: The Motion to Recuse Judge McDonald

           
By his first issue, Mercer argues that the trial court erred when it accepted
his guilty pleas when a motion to recuse Judge McDonald was on file.  Mercer
sought to recuse Judge McDonald from adjudicating his cases on the
ground that Judge McDonald is not an attorney.  

Motions to recuse are governed by Rule 18a of the Texas Rules of
Civil Procedure.  The rule, in relevant part, provides as follows:

(a)  
   At least ten days before the date set for trial or other hearing in any
court other than the Supreme Court, the Court of Criminal Appeals or the court
of appeals, any party may file with the clerk of the court a motion stating
grounds why the judge before whom the case is pending should not sit in the
case.  The grounds may include any disability of the judge to sit in the
case.  The motion shall be verified and must state with particularity the
grounds why the judge before whom the case is pending should not sit.  The
motion shall be made on personal knowledge and shall set forth such facts as
would be admissible in evidence provided that facts may be stated upon information
and belief if the grounds of such belief are specifically stated.  

(b)      On the day the motion is filed, copies shall be
served on all other parties or their counsel of record, together with a notice
that movant expects the motion to be presented to the judge three days after
the filing of such motion unless otherwise ordered by the judge.  Any
other party may file with the clerk an opposing or concurring statement at any
time before the motion is heard. 

(c)       Prior to any further proceedings in the case, the
judge shall either recuse himself or request the presiding judge of the
administrative judicial district to assign a judge to hear such motion. 
If the judge recuses himself, he shall enter an order of recusal and request
the presiding judge of the administrative judicial district to assign another
judge to sit, and shall make no further orders and shall take not further
action in the case except for good cause stated in the order in which such
action is taken.

Tex. R. Civ. P. 18a(a)–(c).

 

Mercer's motion to recuse Judge McDonald is problematic for
several reasons.  First, none of the docket sheets for Mercer's three
underlying cases indicate when the motion to recuse was actually filed. 
By his counsel's own admission, though, Mercer apparently filed the motion to
recuse on November 6, 2008, in the protective order case—the same day that he
pleaded guilty to all three cases in the family-violence assault case setting. 
This date is corroborated by a file-stamped copy of the motion, which
apparently first appeared at the January 16, 2009 sentencing
hearing.  Assuming without deciding that Mercer's motion was properly
filed on November 6, 2008, we note that the mandatory referral provisions of rule
18a are not triggered if a recusal motion is procedurally defective.  DeBlanc
v. State, 799 S.W.2d 701, 706 (Tex. Crim. App. 1990); Vargas v.
State, 883 S.W.2d 256, 259 (Tex. App.–Corpus Christi 1994, pet.
ref'd).  The rule provides that motions to recuse must be on file at least
ten days before a hearing.  Tex. R. Civ.
P. 18a(a).  Mercer's motion was not.  The rule also provides
that Mercer should have served copies of this motion to the State with a notice
of hearing on the motion.  Based on the record before us, Mercer did not comply
with this requirement either.[3]  In short,
"[a]ppellant failed to comply with Rule 18a and as such he will not be
heard to complain on appeal of the denial of an opportunity to have his motion
heard by a judge other than the one assigned to his case."  DeBlanc,
799 S.W.2d at 706.

Second, we note that the trial court is not required to consider a
motion unless it is called to its attention.  See In re Smith, 263
S.W.3d 93, 96 (Tex. App.–Houston [1st Dist.] 2006, orig. proceeding); Risner
v. McDonald's Corp., 18 S.W.3d 903, 909 (Tex. App.–Beaumont 2000, pet.
denied); Metzger v. Sebek, 892 S.W.2d 20, 49 (Tex. App.–Houston [1st.
Dist.] 1994, writ denied).  During the hearing where Mercer pleaded guilty
to all three of his underlying cases, Mercer made no mention of the motion to
recuse.  In addition, there is no documentation indicating that Judge
McDonald knew about the motion to recuse when he accepted Mercer's guilty pleas
on November 6, 2008.  We cannot fault a judge for failing to consider a
motion when it was not brought to the court’s attention.  See In re Smith,
263 S.W.3d at 96.  For all of these reasons, we overrule Mercer's first issue.

B.       
Issue Two: The Motion to Withdraw as Counsel

            
By his second issue, Mercer argues that the trial court erred when it denied
his defense attorney’s motion to withdraw as counsel on March 27, 2009. 
Mercer's attorney, Cull, filed a motion to withdraw as counsel on March 11,
2009, because he did not want to prosecute Mercer's motion to recuse Judge
McDonald.  Mercer contends he “was forced to accept the representation of
a lawyer who did not want to represent him.”  Mercer claims that the denial of
the motion to withdraw “runs afoul of the Sixth Amendment’s right to counsel”
because Cull did not “effectively and zealously” represent him and pursue a
motion he wanted urged before the court.    

            Texas
Rule of Civil Procedure 10 provides that, “[a]n attorney may withdraw from
representing a party only upon written motion for good cause shown.”  Tex. R. Civ. P. 10.  “When a trial court
allows an attorney to voluntarily withdraw, it must give the party time to
secure new counsel and time for the new counsel to investigate the case and
prepare for trial.”  Villegas v. Carter, 711 S.W.2d 624, 626 (Tex. 1986)
(citing Lowe v. City of Arlington, 453 S.W.2d 379, 382 (Tex. Civ.
App.–Fort Worth 1970, writ ref’d n.r.e.)).  In addition, before a trial court
allows an attorney to withdraw, it should see that the attorney has complied
with the attorney professional code of conduct.  Moss v. Malone, 880 S.W.2d
45, 51 (Tex. App.–Tyler 1994, writ denied).  The Texas Disciplinary Rule of
Professional Conduct 1.15 provides as follows:

Upon termination of
representation, a lawyer shall take steps to the extent reasonably practicable
to protect a client[‘]s interests, such as giving reasonable notice to the
client, allowing time for employment of other counsel, surrendering papers and
property to which the client is entitled and refunding any advance payments of
fee that has not been earned. . . . 

 

Tex. Disciplinary R. Prof’l Conduct 1.15.  A trial court
abuses its discretion when it grants a motion to withdraw which does not comply
with rule 10.  Moss, 880 S.W.2d at 51.  

Most cases discussing motions to withdraw as counsel address a
situation where the trial court grants the motion and leaves the client without
representation.  See Villegas, 711 S.W.2d at 624; Moss, 880
S.W.2d at 51.  Here, however, Mercer complains because the court denied the
motion and forced him to be represented by counsel.[4]  The court’s decision
ensured that Mercer’s legal interests were protected until he secured new legal
counsel, and we hold that the trial court did not abuse its discretion in denying
the motion to withdraw.  Moss, 880 S.W.2d at 51.  We also note that,
only a month and a half later, the trial court granted Mercer’s motion to
substitute counsel as soon as Mercer engaged a new attorney:  an order dated
April 14, 2009 reflects that attorney John Carroll Boudreaux was substituted as
counsel of record for Cull.  In light of the foregoing, we overrule Mercer’s
second issue.

C.        Issue Three: Mercer’s Absence From the Hearing
on Motion to Recuse 

 

            By
his third issue, Mercer argues that the trial court erred when it conducted the
hearing on the motion to recuse in the witness tampering case when he was not
present.  Texas Code of Criminal Procedure article 33 provides criminal
defendants with a statutory right to be present during their trials.  See Tex. Code Crim. Proc. Ann. art. 33.03 (West 2010); Routier
v. State, 112 S.W.3d 554, 575 (Tex. Crim. App. 2003).  The statute, in
relevant part, reads as follows: 

In all prosecutions for
felonies, the defendant must be personally present at the trial, and he must
likewise be present in all cases of misdemeanor when the punishment or any part
thereof is imprisonment in jail; provided, however, that in all cases, when the
defendant voluntarily absents himself after pleading to the indictment or
information, or after the jury has been selected when trial is before a jury,
the trial may proceed to its conclusion.  When the record in the appellate
court shows that the defendant was present at the commencement, or any portion
of the trial, it shall be presumed in the absence of all evidence in the record
to the contrary that he was present during the whole trial.  Provided, however,
that the presence of the defendant shall not be required at the hearing on the
motion for new trial in any misdemeanor case.

See Tex.
Code Crim. Proc.
Ann. art. 33.03.  

We note that article 33 provides that defendants “must be
personally present at the trial.”  See Tex. Code Crim. Proc. Ann.
art. 33.03 (emphasis added).  In Snyder v. Massachusetts, the United
States Supreme Court explained that there is a due process right for a
defendant to be present at his trial “whenever his presence has a relation,
reasonably substantial, to the fullness of his opportunity to defend against
the charge.”  291 U.S. 97, 107 (1934), overruled on other grounds by Malloy
v. Hogan, 378 U.S. 1 (1964); see U.S.
Const. amend. XI (outlining the “confrontation clause”).  The “presence
of a defendant is a condition of due process to the extent that a fair and just
hearing would be thwarted by his absence, and to that extent only.”  Snyder,
291 U.S. at 105-06, 108.  The Snyder Court also held that due process
does not require the defendant’s presence “when [his] presence would be
useless, or the benefit but a shadow.”  Id. at 106-07.  

The cases Mercer relies upon stand for the proposition that a
defendant is entitled to be present to defend against the charge he faces.  See
Snyder, 291 U.S. at 107; People v. Dokes, 595 N.E.2d 836, 838 (N.Y.
1992).  Here, however, Mercer did not have to defend himself because he had
already pleaded guilty to the crime.  Mercer cites no authority, and we find
none, that supports the notion that a defendant must be present at a post-trial
hearing after he voluntarily pleaded guilty to an offense.  The hearing on this
motion to recuse did not have a “reasonably substantial” relationship to his
ability to guard against the charge of witness tampering.  The hearing,
instead, was based on Mercer’s motion that the court should assign a visiting
judge to avoid the “appearance of impropriety” given that Mercer had sued
Matagorda County in an unrelated civil rights lawsuit.  Mercer’s presence thus
would have been “useless” to the opportunity to defend himself against the
charge of witness tampering.  See Snyder, 291 U.S. at 106-07.  

Further, we note that Mercer’s attorney effectively waived his
right to be present. Prior to the hearing, Judge Underwood stated he believed
Mercer’s absence to be a voluntary absence.  Mercer’s counsel replied, “That
would be my understanding, your Honor.”  Mercer failed to show that a fair and
just hearing was thwarted by his absence, especially since his attorney was
present.  Id. at 105-06; see Routier, 112 S.W.3d at 577. 
Although Mercer is correct in contending that an attorney cannot waive a
defendant’s presence at trial, see Proffitt v. Wainwright, 706 F.2d 311,
312 (11th Circ. 1983), we again note that the hearing on the motion to recuse
was not a trial.  

Finally, even if we were to assume that the trial court erred by
continuing the hearing in Mercer’s absence, and that Mercer’s absence was
involuntary, he could not prevail under either the constitutional or the
non-constitutional error standard.  See Routier, 112 S.W.3d at 577
(citing Tex. R. App. P. 44.2(a)-(b). 
“An appellant is harmed by a constitutional error unless after reviewing the
record, the reviewing court determines beyond a reasonable doubt that the error
did not contribute to the conviction or punishment.”  Id.; see Tex. R. App. P. 44.2; see also Mares
v. State, 571 S.W.2d 303, 305 (Tex. Crim. App. 1978) (“It is not everything
that takes place in the absence of a defendant upon trial for which a reversal
should be ordered. There must be an actual showing of injury or a showing
of facts from which injury might reasonably be inferred.”).    Here, again, the
alleged error did not “contribute to the conviction or punishment” of Mercer
because he had already pleaded guilty.  Accordingly, we overrule this issue.

III. 
Conclusion

 

            Because
we have overruled all of Mercer’s issues on appeal, we affirm the judgments of
the trial court.  

 

________________________

GINA
M. BENAVIDES,

Justice

 

 

Do not publish.

Tex. R. App.
P.47.2(b).

 

Delivered and filed the

27th day of May, 2011. 

 

 

 









[1]
The Texas
Constitution sets forth the eligibility requirements for a county judge:

 

There
shall be established in each county in this State a County Court, which shall
be a court of record; and there shall be elected in each county, by the
qualified voters, a County Judge, who shall be well informed in the law of the
State; shall be a conservator of the peace, and shall hold his office for four
years, and until his successor shall be elected and qualified. He shall receive
as compensation for his services such fees and perquisites as may be prescribed
by law.

 

Tex.
Const.
art. 5, § 15.  Although the constitution requires a county judge to “be well
informed in the law of the State,” there is no requirement that the judge be a
licensed attorney.  Mercer, however, appeared to challenge the
constitutionality of a non-attorney to adjudicate him in a criminal matter.

 





[2] This lawsuit, styled Tiffany D. Van
Dyke v. Alvin Mercer Jr., was filed in the 23rd Judicial
District of Matagorda County, Texas under trial court cause
number of 08-H-0628-C.  





[3] At the hearing on the motion to
recuse, the Matagorda County prosecutor indicated that he “knew enough that if
[the motion to recuse] had been filed that we would not proceed.”  He went on
to testify that Judge McDonald was not aware of the motion either:  “I would
think that the Judge would have had the same understanding that I had, that . .
. if we had known that it would have been filed, we would not have proceeded.” 






[4]   Mercer’s briefing
on issue two also makes vague and confusing references to United States Supreme
Court cases Strickland v. Washington, which discusses ineffective
assistance of counsel, and Anders v. California, which sets forth the
procedure by which an appellate attorney can withdraw as counsel when the
attorney finds there is no appellate error based on a review of the record.  

 

Mercer
did not raise ineffective assistance of counsel as a formal issue in the
brief.  See Tex. R. App. P.
38.1(f) (providing that “[t]he brief must state concisely all issues or points
presented for review.”).  Furthermore, we note that Anders arguments are
usually advanced by attorneys, not appellants themselves.  Mercer’s Anders
arguments seem to contend that his counsel should not have been allowed to
proceed if he no longer wished to pursue certain pre-trial motions.  In
accordance with rule 38.1 of the Texas Rules of Appellate Procedure, we can
only consider contentions that are supported by clear and concise arguments
with appropriate citations to authorities and to the record.  See id. at
R. 38.1(i).