Opinion issued August 11, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-08-00637-CV

———————————

eric branckaert, Appellant

V.

VALERIE OTOU, Appellee



 



 

On Appeal from the 312th District Court 

Harris County, Texas



Trial Court Case No. 2006-17541

 



 

MEMORANDUM OPINION

Appellant, Eric Branckaert, appeals
from the trial court’s order denying his motion for new trial after appellee,
Valerie Otou, received a default judgment against him establishing parentage
and assessing child support.  In eight
issues, Branckaert contends that the trial court did not have personal
jurisdiction over him, and, even if the trial court had jurisdiction, the court
nevertheless abused its discretion by refusing to grant his motion for new
trial. We reverse and remand.

Background

Otou filed suit in Harris County,
Texas, on March 17, 2006 to establish a parent-child relationship between Branckaert,
a resident of Rome, Italy, and Otou’s daughter, O.O.B.  After service of citation by publication, the
court appointed an attorney ad litem to represent Branckaert.[1]  Branckaert’s appointed attorney filed an original
answer on July 20, 2007, and a motion to dismiss for lack of jurisdiction and an
unverified special appearance on August 14, 2007.  On the day he filed his motion to dismiss for
lack of jurisdiction and special appearance, the court revoked the first
attorney at litem’s appointment and appointed a second attorney ad litem to represent
Branckaert. No hearing was ever held on Branckaert’s special appearance. 

The matter was set for trial on February
4, 2008.  Rather than proceeding with the
trial, the court issued an agreed order allowing Branckaert’s second appointed attorney
to withdraw from the representation.  At
that time, Branckaert’s newly retained counsel, Richard Tholstrup, filed a
motion for continuance in which he argued that that a continuance was necessary
because paternity testing had not been done in the case and Branckaert denied
being O.O.B.’s father. The court granted the motion.  Trial was reset for March 24, and then
postponed to April 7, 2008. On April 1, 2008, Branckaert’s counsel, Tholstrup, filed
a motion to withdraw claiming an inability to “effectively communicate with [Branckaert]
in a manner consistent with good attorney-client relations.” Tholstrup’s motion
to withdraw included information about the April 7, 2008 trial date and stated
that a copy of the motion had been delivered to Branckaert.    Tholstrup’s motion stated that, although Branckaert’s
mailing address was unknown, he was generally reachable by email. 

On April 7, 2008, the day of trial,
the court first considered Tholstrup’s motion to withdraw.  Tholstrup’s associate, Christine Thrash, represented
to the court that Branckaert had received a copy of the motion to withdraw, and
that he had responded by e-mail acknowledging such receipt.  Otou’s counsel then had Thrash confirm on the
record that Branckaert had been notified about the trial date. 

The trial court then granted
Tholstrup’s motion to withdraw and immediately proceeded to try the case on its
merits, without Branckaert being present or represented by counsel.  At the trial, Otou testified that Branckaert
was O.O.B’s father, and that no other man could possibly be the father.  Otou also testified about Branckaert’s
employment, income, and lack of contact with O.O.B. In addition, Otou testified
that the trial court had previously ordered a paternity test, but that
Branckaert had failed to show up for the DNA test. 

One week later, the court issued an
order in which it adjudicated Branckaert to be the father of O.O.B., named Otou
sole managing conservator of the child, denied Branckaert visitation, and
ordered Branckaert to pay child support, attorney’s fees, and court costs. Thereafter,
Branckaert retained a new attorney, Cheryl Alsandor, who filed a Motion for New
Trial, which was denied after a hearing. 
This appeal ensued.

Personal Jurisdiction

In his eighth issue on
appeal, Branckaert argues that the trial court erred in not granting a new
trial because it lacked personal jurisdiction over him.  Because this issue goes to jurisdiction, we
address it first.  

Law Applicable to Special
Appearances

Under Rule 120a, a special appearance, properly entered,
enables a non-resident defendant to challenge personal jurisdiction in a Texas
court. Tex. R. Civ. P. 120a.  Rule 120a requires strict compliance, and a
non-resident defendant will be subject to personal jurisdiction in Texas courts
if the defendant enters a general appearance. Morris v. Morris, 894
S.W.2d 859, 862 (Tex. App.—Fort Worth 1995, no writ); see also Burger King
Corp. v. Rudzewicz, 471 U.S. 462, 472 n.14, 105 S. Ct. 2174, 2182 n.14
(1985) (“[T]he personal jurisdiction requirement is a waivable right.”). Rule
120a states that “[e]very appearance, prior to judgment, not in compliance with
this rule is a general appearance.” Tex.
R. Civ. P. 120a(1); see also Kawasaki Steel Corp. v. Middleton,
699 S.W.2d 199, 201 (Tex. 1985).  In this
appeal, we consider (1) whether Braenckaert properly filed a special appearance
contesting jurisdiction, and, if he did, (2) whether he waived that special
appearance by making a general appearance.

Did
Unverified Special Appearance Adequately Contest Jurisdiction?

Rule 120a of the Texas Rules of Civil Procedure provides
that a “special appearance shall be made by sworn motion . . . and may be
amended to cure defects.” Tex. R. Civ.
P. 120a(1). A special appearance that is unsworn or unverified is
defective; however “an amendment that adds a verification cures the
special appearance.” Dawson–Austin v. Austin, 968 S.W.2d 319, 321–22 (Tex.
1998). The amended special appearance may be filed anytime before a general
appearance is made. Id. at 322.

The record shows that
Branckaert’s first appointed counsel filed an unverified special
appearance.  However, neither of his two
appointed attorneys or his retained attorney, Tholstrup, ever attempted to
cure the defective special appearance by adding the required verification. And,
although Branckaert’s second retained attorney, Alsandor, argued a lack of
personal jurisdiction in the motion for new trial, she never sought to amend
the unverified special appearance.  An
unsworn special appearance is ineffective to challenge in personam
jurisdiction.  Id. at 321–22.  Because
Branckaert never verified his special appearance, he never adequately
challenged personal jurisdiction.

Was Special Appearance Waived?

Outo contends that,
even if Branckaert’s unverified special appearance adequately challenged
personal jurisdiction, he waived his special appearance when his retained
attorney filed a motion for continuance for the purpose of obtaining DNA
testing.  We agree.  

“A party enters a general appearance whenever it invokes the
judgment of the court on any question other than the court’s jurisdiction; if a
defendant’s act recognizes that an action is properly pending or seeks
affirmative action from the court, that is a general appearance.” Id. at 322 (quoting Moore v. Elektro–Mobil Technik GmbH, 874 S.W.2d 324, 327 (Tex.
App.—El Paso 1994, writ denied)).  The
test for a general appearance is whether a party requests affirmative relief
inconsistent with an assertion that the trial court lacks jurisdiction. Dawson–Austin, 968 S.W.2d at 323.

Relying on Dawson–Austin,
Branckaert contends that a motion for continuance will never constitute a
general appearance.  Dawson–Austin, however, is distinguishable.  In that case, the defendant filed a special
appearance, contemporaneously with a motion to quash service, plea to the
jurisdiction, and plea in abatement.  968
S.W.2d at 321.  The plaintiff sought to
set the defendant’s motions for a hearing, and the defendant moved for a
continuance, arguing that 

(1)
she did not have adequate notice of the hearing, (2) counsel had just been newly
retained and was in a jury trial, and (3) discovery was needed on her special
appearance and motion to quash.  Id. at 323.  The court concluded that the defendant was
entitled to request additional time to prepare for her special appearance,
which was set by the plaintiff, and that her request to postpone other matters
was required if the special appearance hearing was delayed.  Id. at
324.

In contrast, in his
motion for continuance, Branckaert expressly denied paternity and argued to the
court that the trial should be reset in order to give the parties time to
conduct paternity testing.  The issues
raised in Branckaert’s motion have nothing to do with the court’s jurisdiction,
but indicate Branckaert’s intention to defend the case of the merits by obtaining
DNA testing to disprove paternity. Branckaert’s motion for continuance, with
its request for time to perform DNA testing, “recognizes that an action is properly pending” and “seeks
affirmative action from the court.”  Dawson–Austin, 968 S.W.2d at 322.  Thus, he has entered a general appearance in
the case and waived his previously filed special appearance.  See Fridl v. Cook, 908 S.W.2d 507,
515 (Tex. App.—El Paso 1995, writ dism’d w.o.j.) (“A party generally appearing
in case waives any complaints as to personal jurisdiction”).[2]

Motion for New Trial

          Having determined that
Branckert made a general appearance, we next consider whether the trial court
erred in overruling his motion for new trial. Standard of Review

We review a trial
court’s denial of a motion for new trial for abuse of discretion.  In re
R.R., 209 S.W.3d 112, 114 (Tex. 2006); Champion Int’l Corp. v. Twelfth Court of Appeals, 762 S.W.2d 898, 899 (Tex. 1988) (orig.
proceeding). A trial court abuses its discretion when it acts in an arbitrary
or unreasonable manner, or if it acts without reference to any guiding rules or
principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241–42
(Tex. 1985). A trial court’s clear failure to analyze or apply the law
correctly constitutes an abuse of discretion. See Walker v. Packer, 827
S.W.2d 833, 840 (Tex. 1992) (orig. proceeding); Cayton v. Moore, 224
S.W.3d 440, 445 (Tex. App.—Dallas 2007, no pet.).

 

 

Compliance with Rule 10 of the
Texas Rules of Civil Procedure

In
his first issue, Branckaert contends he did not have adequate notice of the
trial setting or the motion to withdraw. 
Specifically, Branckaert argues that his counsel sent him an e-mail
notice of his motion to withdraw and of the upcoming trial setting, rather than
sending him such notice by certified and regular mail, as required by Rule 10
of the Texas Rules of Civil Procedure. See
Tex. R. Civ. P.
10.  We agree. 

Rule
10 governs the withdrawal of counsel in civil cases provides as follows:

An attorney may withdraw from representing a party only upon
written motion for good cause shown. If another attorney is to be substituted
as attorney for the party, the motion shall state: the name, address, telephone
number, telecopier number, if any, and State Bar of Texas identification number
of the substitute attorney; that the party approves the substitution; and that
the withdrawal is not sought for delay only. If another attorney is not to be substituted as attorney for the party,
the motion shall state: that a copy of the motion has been delivered to the
party; that the party has been notified
in writing of his right to object to the motion; whether the party consents
to the motion; the party’s last known
address and all pending settings and deadlines. If the motion is
granted, the withdrawing attorney shall immediately notify the party in writing
of any additional settings or deadlines of which the attorney has knowledge at
the time of the withdrawal and has not already notified the party. The Court
may impose further conditions upon granting leave to withdraw. Notice
or delivery to a party shall be either made to the party in
person or mailed to the party’s last
known address by both certified and regular first class mail. If the
attorney in charge withdraws and another attorney remains or becomes
substituted, another attorney in charge must be designated of record with
notice to all other parties in accordance with Rule 21a.

 

“The
rules governing withdrawal contain provisions which are obviously placed there
to protect the client’s interest.” Moss v. Malone, 880 S.W.2d 45, 50
(Tex. App.—Tyler 1994, writ denied) (op. on reh’g). “A fundamental element of
due process is that every litigant is entitled to be heard in court by counsel
of his own selection.”  Id. 
“This is a valuable right and an unwarranted denial of it is fundamental
error where the litigant without negligence or default on his part is deprived
of the right of counsel on the eve of trial.” 
Id.  Thus, courts have held that a trial court
abuses its discretion when it grants a motion to withdraw that does not comply
with the mandatory requirements of Rule 10. 
Sims v. Fitzpatrick, 288
S.W.3d 93, 100 (Tex. App.—Houston [1st Dist.] 2009, no pet.); Williams v. Bank One, Texas, N.A., 15
S.W.3d 110, 114 (Tex. App.—Waco 1999, no pet.) (citing Moss, 880 S.W.2d at 51).  

      Here, the motion
fails to comply with Rule 10 because it does not contain Branckaert’s last
known address, but rather avers that Branckaert’s last known address is
“unknown” to his own counsel and provides only Branckert’s email address.  And, although the motion alleges that
Branckaert was “notified” in writing of his right to object to the motion, such
notice was not by “both certified and regular first class mail” as required by
Rule 10.  Instead, counsel for Branckaert
made clear at the hearing on the motion for new trial that the motion had been
emailed to Branckaert.[3]

      When a statute or
court rule—such as Rule 10—provides the method by which notice shall be given
in a particular instance, the notice provision must be followed with reasonable
strictness. John v. State, 826 S.W.2d
138, 141 n.4 (Tex. 1992); Misium v.
Misium, 902 S.W.2d 195, 197 (Tex. App.—Eastland 1995, writ denied)
(applying same to Rule 10). 

          Because the motion to withdraw did not
comply with Rule 10, the trial court abused its discretion in granting
counsel’s motion to withdraw.

Harmless
Error

  “However, the court
can render such error harmless by giving the party time to secure new counsel
and time for the new counsel to investigate
the case and prepare for trial.”
Williams, 15 S.W.3d at 114; Moss, 880 S.W.2d at 51. Here, Brankaert
was not given any additional time to obtain new counsel or to prepare for
trial.  Immediately after granting
counsel’s motion to withdraw, the trial court proceeded to a trial at which
Brankaert was neither present nor represented by counsel. Under these
circumstances, we cannot say that the trial court’s error in granting the
motion to withdraw, which did not comply with Rule 10, was harmless.


We sustain Branckaert’s first issue on appeal.

CONCLUSION

We reverse
the trial court’s judgment and remand for further proceedings. 

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Bland and Sharp.

Justice
Sharp, concurring.  Concurring opinion to
follow.











[1]
          See Tex. R. Civ. P.
244 (requiring appointment of “an attorney to defend the suit in behalf of the
defendant” after service has been made by publication).

 





[2]
          Our conclusion that Branckaert
made a general appearance is based solely on the actions of his retained
counsel in filing the above-referenced motion for continuance, not on the
actions of the attorney appointed pursuant to Rule 244 in filing an answer.





[3]       At the hearing on the
motion to withdraw, the following exchange took place:

[Trial
Court]:  All right.  Go right ahead, Ms. Thrash.

 

[Branckaert’s
counsel]: Your, Honor, we have noted [sic] Eric Branckaert.  He has acknowledge[d] via e-mail that he did receive the Motion to Withdraw [containing
the trial setting information] and he’s not here today to contest it.  And so based on instant communication, Your
Honor, it would not involve any other proofs from communication on other issues
that we’re having on that file, we’re requesting to withdraw.  And I do have an order to present to the
court today.